Spiro KOINIS, Complainant–Appellant,

v.

**COLORADO DEPARTMENT OF PUBLIC SAFETY, Respondent–Appellee,**

and

**Colorado State Personnel Board, Appellee.**

No. 02CA1631.

Colorado Court of Appeals, Div. IV.

Dec. 4, 2003.

Certiorari Denied Aug. 16, 2004.

Roseman & Kazmierski, LLC, Barry D. Roseman, Denver, Colorado, for Complainant–Appellant.

Ken Salazar, Attorney General, John A. Lizza, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

Ken Salazar, Attorney General, Richard H. Forman, Assistant Attorney General, Denver, Colorado, for Appellee.

Opinion by Judge VOGT.

Complainant, Spiro Koinis, appeals the order of the Colorado State Personnel Board (Board) determining that he was not constructively discharged from his employment with respondent, the Colorado Department of Public Safety (Department) and that his resignation was not coerced or forced. We affirm.

The director of the Department's Division of Criminal Justice, where complainant was employed, set up a meeting with complainant to discuss the result of a predisciplinary meeting held two days earlier. At the beginning of the meeting, the director told complainant he was being terminated and gave him a signed termination letter. The director then offered complainant the option of resigning in lieu of termination and gave him a resignation letter that he could sign.

Complainant was given a brief period of time to consider the resignation option. When he advised the director at the end of that period that he had not yet made a decision, the director told him his employment was terminated as of 5 p.m. that day. A short time later, complainant advised the director that he wanted to resign. The director accepted complainant's resignation and withdrew the termination.

Complainant then appealed his "discharge or constructive discharge" to the Board. An administrative hearing was held. The parties stipulated that whether there was just cause for discipline was not an issue. Instead, they presented evidence relating to complainant's contention that his resignation was ineffective, either because it amounted to a constructive discharge or because he had been forced or coerced to resign, and that he was therefore entitled to be reinstated with back pay and to have the "disciplinary process begun anew."

Following the hearing, the administrative law judge (ALJ) concluded that complainant had not established either that he was constructively discharged or that he was forced or coerced to resign. However, the ALJ denied the Department's request for a ruling that an employee who accepts an offer to resign in lieu of disciplinary action forfeits the right to file any appeal.

Complainant and the Department both appealed to the Board, which adopted the ALJ's initial decision.

### I.

Complainant contends the Board's conclusions that he was not constructively discharged and that his resignation was not coerced or forced were contrary to law. We perceive no basis for reversal.

### A.

■ An employee in the state personnel system who has been subjected to discharge or other discipline may petition the Board for a hearing to review the action of the appointing authority. A hearing officer or ALJ may conduct the hearing for the Board and render an initial decision. The appointing authority's action may be reversed or modified only if it is arbitrary, capricious, or contrary to rule or law. Section 24–50–103(6), C.R.S. 2003; *Department of Institutions v. Kinchen,* 886 P.2d 700 (Colo.1994).

After the ALJ issues an initial decision, either party may appeal to the Board to modify the decision. Section 24–50–125.4(4), C.R.S.2003; *Department of Institutions v. Kinchen, supra.*

■ The Board reviews the ALJ's decision under the standards set forth in § 24–4–105(15)(b), C.R.S.2003. Under that statute, the Board may not set aside an ALJ's finding of evidentiary fact unless it is contrary to the weight of the evidence, and the Board must defer to the ALJ's assessment of the credibility of the testimony and the weight to be given to the evidence. However, the Board may substitute its own judgment for the ALJ's decision with respect to an ultimate conclusion of fact as long as the Board's finding has a reasonable basis in law. *See Lawley v. Department of Higher Education,* 36 P.3d 1239 (Colo.2001); *Barrett v. University of Colorado Health Sciences Center,* 851 P.2d 258 (Colo.App.1993).

■ Our review of the Board's decision is governed by the standards set forth in § 24–4–106(7), C.R.S.2003, which provides that a court may reverse an administrative agency if it finds that the agency acted arbitrarily or capriciously, made a decision that is unsupported by the record, erroneously interpreted the law, or exceeded its authority. Where the challenge is to the Board's resolution of an ultimate conclusion of fact, a reviewing court must determine whether there is substantial evidence in the record as a whole to support that conclusion. *Lawley v. Department of Higher Education, supra.*

■ Because the Board is a constitutionally created state agency with considerable expertise in personnel matters, its conclusions are to be given deference by the courts. *Lawley v. Department of Higher Education, supra.*

### B.

■ To prove a constructive discharge, a plaintiff must present sufficient evidence establishing deliberate action on the part of an employer that makes or allows the employee's working conditions to become so difficult or intolerable that a reasonable person in the employee's position would have no other choice but to resign. *Wilson v. Board of County Commissioners*, 703 P.2d 1257 (Colo. 1985); *Christie v. San Miguel County School District R–2(J)*, 759 P.2d 779 (Colo.App. 1988).

■ A request for a resignation will not support a claim of constructive discharge unless it is accompanied by harassment, coercion, or other employer conduct that makes the working conditions objectively intolerable. *Christie v. San Miguel County School District R–2(J), supra.*

Complainant asserts that the decision of the ALJ, adopted by the Board, was contrary to law because the ALJ concluded that, under *Wilson*, complainant could establish constructive discharge only by proving intolerable working conditions. In support of his contention, complainant cites federal cases holding that employees who resigned only to avoid being fired were constructively discharged. We conclude that those cases are inapplicable to the situation presented here.

In the cases on which complainant relies, employees who had not been terminated were presented with an option to resign, and they either concluded or were told that if they did not resign, they would be fired. *See, e.g., Burks v. Oklahoma Publishing Co.,* 81 F.3d 975 (10th Cir.1996)(based on employer's failure to respond to her questions, employee concluded she would be fired if she did not resign); *Acrey v. American Sheep Industry Ass'n,* 981 F.2d 1569 (10th Cir.1992)(employee testified that employer asked her to resign and told her that, if she did not, she would be fired); *Spulak v. K Mart Corp.,* 894 F.2d 1150 (10th Cir.1990)(employee was given ultimatum either to take early retirement or be fired).

■ Here, by contrast, complainant was terminated from his employment and only thereafter was given an opportunity, pursuant to the Department's policy, to resign instead. The ALJ expressly found that complainant went to the director's office to tender his resignation "because his employment had already been terminated."

Evidence in the record supports that finding. The director testified that he had decided following the predisciplinary meeting that he needed to terminate complainant's employment. He had also determined that, under the applicable rules, he needed to advise complainant at the outset of the meeting that he had reached a decision to terminate him; that he was "firm in that decision"; and that, after "making certain that [complainant] understood that he was in fact to be terminated," he could, if he wished, offer complainant the option of resignation in lieu of discipline. Accordingly, when the director met with complainant, he first told complainant he was terminated and handed him the letter of termination. He informed complainant "subsequent to that" that he would entertain the option of resignation, but that the resignation would be irrevocable and would result in a waiver of any appeal rights.

Because the evidence supports the ALJ's finding that complainant's employment had already been terminated when he submitted his letter of resignation, that finding is binding on review. *See Lawley v. Department of Higher Education, supra.* We further conclude, in light of that finding, that the Board did not err in ruling that complainant was not entitled to relief on a theory of constructive discharge.

An employee who has been discharged may have a basis for contesting the employer's stated reason for terminating his or her employment. However, we decline to hold that the terminated employee has an additional basis for seeking relief under a theory of "constructive discharge" where the employer simply makes the option of resignation available after the termination.

### C.

For similar reasons, we disagree with complainant's related contention that the ALJ erred in concluding that he was not forced or coerced to resign.

An employee who claims that his resignation was forced or coerced bears the burden of proving that the resignation was not voluntary, but, rather, was given and accepted under circumstances that amounted to a constructive discharge. *Harris v. State Board of Agriculture*, 968 P.2d 148 (Colo. App.1998). Further, as noted above, a request for resignation does not support a claim of constructive discharge unless it is accompanied by harassment, coercion, or similar conduct. *See Christie v. San Miguel County School District R–2(J)*, *supra*.

The ALJ found that it was a Department policy to offer an employee the opportunity to resign under State Personnel Board Rule R–6–7 after the appointing authority had held a predisciplinary meeting with the employee and had made its final decision. He further found that an employee whom the appointing authority had decided to terminate did not have a right to resign in lieu of termination, and that, in this case, the Department simply "afforded complainant the opportunity to resign pursuant to its own policy, but it was not required to do so." Also, as noted, the ALJ found that complainant tendered his resignation "because his employment had already been terminated."

These findings are not contrary to the evidence, and they support the ALJ's conclusion that complainant was not entitled to relief on a theory that his resignation was forced or coerced. Giving an employee who has been terminated the option, after the termination, to resign in lieu of termination does not amount to harassment or coercion, and it does not give the employee a cause of action apart from or in addition to any basis he or she might have for contesting the discharge itself.

## II.

In its answer brief, the Department asks us to find that Rule R–6–7 bars this appeal as a matter of law. We do not reach the merits of the Department's contention.

An appellee must file a cross-appeal in order to raise a contention that, if successful, would increase its rights under the judgment or order being reviewed. *See Blocker*

*Exploration Co. v. Frontier Exploration, Inc.*, 740 P.2d 983 (Colo.1987); *Western Surety Co. v. Smith*, 914 P.2d 451 (Colo.App. 1995).

The ALJ rejected the contention the Department makes here, and the Board adopted the ALJ's decision in its entirety. Were we to agree with the Department that the ALJ and the Board erred in this regard, the Department's rights under the Board's order would be increased. However, because the Department did not file a cross-appeal in this court, the issue is not properly before us for review.

The order is affirmed.

Judge KAPELKE and Judge WEBB concur.