**COLORADO DIVISION OF INSURANCE, Petitioner–Appellee**

**and**

**Office of Administrative Courts, Appellee,**

v.

**AUTO–OWNER'S INSURANCE COMPANY, Respondent–Appellant.**

No. 08CA0960.

Colorado Court of Appeals, Div V.

April 16, 2009.

As Modified Oct. 1, 2009.

§ 24–51–1105, C.R.S.2008.

John W. Suthers, Attorney General, Todd S. Larson, Senior Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee and Appellee.

Alexander Law Firm, P.C., Hugh Alexander, Denver, Colorado; Dodson & Associates, P.C., Rocco A. Dodson, Golden, Colorado, for Respondent–Appellant.

Opinion by Judge BERNARD.

Respondent, Auto–Owners Insurance Company (insurer), was fined by the Colorado Division of Insurance (the DOI) for failing to provide documents after receiving a letter from the DOI requesting them. Insurer appeals the order of the DOI's Commissioner upholding the fine. We affirm.

## I.  Background

### A.  The Lawsuit

Insurer covered Golden Builders (builder) under an insurance policy. Builder contracted with Marilyn Wilder (homeowner) to build her home. Upon completion of the home, homeowner was dissatisfied with the quality of the workmanship. Homeowner sued builder in 2004, alleging defective construction. Builder retained counsel (builder's attorney) to defend the suit under a reservation of rights in the insurance policy.

Homeowner prevailed in her suit against builder, and, in January 2006, successfully obtained a judgment against builder to compensate her for defective construction. In June 2006, homeowner submitted a written complaint against insurer to the DOI, alleging that (1) insurer had improperly refused to pay the judgment; and (2) insurer had not adequately pursued subrogation claims against subcontractors involved in construction of the home.

An analyst at the DOI observed that homeowner's copy of the insurance policy was incomplete. The analyst informed homeowner that her review of the complaint would have to wait until insurer provided a copy of the policy in its entirety. In July 2006, homeowner's attorney wrote builder's attorney, requesting a complete copy. Builder's attorney replied by letter, stating that he had already provided all of the documents he was required to provide, and that no judgment would be paid until builder had exhausted its appellate rights. A second request for a copy of the policy by homeowner's attorney was not answered.

### B.  The DOI's First Letter

The analyst sent insurer a letter in July 2006 (the DOI's first letter). As pertinent here, the letter stated that homeowner alleged that insurer had not paid the judgment. The letter continued:

> The issue is whether [insurer] has attempted in good faith to effect a prompt, fair and equitable settlement of this claim. If the allegations made by [homeowner] were true, this conduct might constitute a violation of Colorado's insurance laws, including, but not limited to, Section 10–3–1104(1)(h)(VI), C.R.S. Please explain why [insurer] hasn't paid [the judgment].

The analyst then referred to homeowner's allegation that she understood that insurer would take action against the subcontractors for damages they caused, and that she "did not know what happened to that issue." The first letter asked for the insurer's position on homeowner's inquiry concerning claims against the subcontractors. The paragraph containing this request culminated with the following language:

Please provide a certified copy of the applicable policy including the declarations page and all forms and endorsements. Please highlight any provisions applicable to this matter.

The next paragraph stated:

Regulation 1–1–8 provides that every person shall provide a complete response in writing to any inquiry from the Division of Insurance.... Failure to comply ... may result in imposition of a penalty of *$500;* which is not negotiable, as authorized by this regulation.

After requesting additional information, the first letter concluded:

Please review your files in this matter and respond to [homeowner] directly, with a copy of your response to me. Please provide all documentation pertinent to the enclosed complaint letter, which will assist in our evaluation of this matter.

### C. Reg. 1–1–8

DOI Reg. No. 1–1–8, 3 Code Colo. Regs. 702–1 (Reg. 1–1–8), was originally issued in 1998 as DOI Reg. No. 6–6–2, 3 Code Colo. Regs. 702–6. It was repealed and repromulgated as Reg. 1–1–8 in 2003. Although the regulation was amended effective February 2009, we refer to the 2003 version here, because it was in effect at the time of the relevant proceedings.

The title of the regulation is "Penalties and Timelines Concerning Division Inquiries and Document Requests." Reg. 1–1–8(1) refers to the authority on which the regulation is based, stating, "This regulation is promulgated pursuant to §§ 10–1–109, 10–2–104, 10–3–109(3), and 10–16–109, C.R.S."

Reg. 1–1–8(2) describes the regulation's purpose:

The purpose of this regulation is to prescribe the time period in which all ... entities shall respond to [the DOI's] inquiries, including, but not limited to, document and information requests during ... investigations of complaints, and any other formal or informal investigation or examination conducted for the purpose of determining compliance with Colorado insurance law. In addition, the purpose of this

regulation is to prescribe the penalties for failure to respond to [the DOI's] inquiries within the timeframes specified in this regulation.

As relevant to our analysis, Reg. 1–1–8(4) provides definitions for terms used in the regulation. The term "person" is defined to have the same meaning as the definition included in section 10–2–103(8), C.R.S.2008, which includes business entities. "Inquiry" is defined in Reg. 1–1–8(4)(C) as "any written [DOI] request to any person, for documents, information or an explanation or response. Inquiry includes ... information requests arising from complaints received by the [DOI]...." "Response" is defined in Reg. 1–1–8(4)(F) as "all written information provided to [the DOI] from the person to whom the inquiry is made." Reg. 1–1–8(4)(B) defines "incomplete response" as "a response that does not substantially address the inquiry, as determined by [the DOI]."

Reg. 1–1–8(5)(B) sets forth the rule, relevant to this case, for complying with an inquiry: "[E]very person shall provide a complete response in writing to any inquiry from [the DOI] within thirty (30) calendar days from the date of the inquiry." *Cf.* Reg. 1–1–8(5)(B) (effective Feb. 2009, current version allows twenty days to respond). The consequences for failure to comply are explained in Reg. 1–1–8(5)(E):

Failure to provide a response, or providing an incomplete response to [the DOI's] inquiries at any point in the handling of a matter ... subjects the person to immediate imposition of a minimum $500 fine per act or occurrence.

*Cf.* Reg. 1–1–8(5)(F) (corresponding rule effective Feb. 2009).

Reg. 1–1–8(6) describes the basis for enforcing the regulation:

Noncompliance with the requirements and timeframes specified in this regulation may result, after proper notice and hearing, in the imposition of any sanctions made available in Colorado statutes pertaining to the business of insurance or other laws which include the imposition of fines, issuance of cease and desist orders, and/or suspension or revocation of license.

### D. Insurer's Response

Insurer wrote a response to homeowner in August 2006, which indicated that a suit against the subcontractors was in the discovery phase, and that insurer was evaluating the insurance policy to determine what portion, if any, of homeowner's judgment was covered by the insurance policy. The insurer's letter then stated, "We have previously provided a certified copy of the policy to your attorney. Please contact your attorney if you wish to view these documents again." Insurer did not provide a copy of the policy along with the letter to homeowner. Insurer sent a copy of this response to the DOI.

Upon receipt of insurer's response, the DOI sent insurer a second letter stating that insurer's response to the DOI's first letter was incomplete because it did not include a highlighted copy of the policy. The DOI asked insurer to send it a copy of the policy within ten days, and informed insurer that it had assessed a fine of $500 against insurer under Reg. 1–1–8 for failing to include the policy in its response. Insurer sent the policy to the DOI within the ten-day period, and subsequently requested that the $500 fine be waived; the DOI refused.

After sending two invoices to insurer but still not receiving payment, the DOI instituted an administrative action against insurer, sending insurer a notice of hearing and notice of charges.

### E. September 2007 Administrative Hearing

At the hearing before the administrative law judge (the ALJ), insurer made several arguments: (1) insurer did not have an obligation to provide homeowner with a copy of the policy as requested in the DOI's first letter because it had already provided homeowner's attorney with a complete copy during the litigation against builder; (2) the DOI's first letter was ambiguous and did not clearly ask insurer to provide the DOI with a copy of the policy; (3) there was no violation of Reg. 1–1–8 because insurer substantially addressed the DOI's inquiry in its response to homeowner; and (4) the DOI did not have authority to impose a fine as a sanction for a violation of Reg. 1–1–8 under these circumstances.

The DOI disagreed with insurer's arguments, and witnesses for the DOI contradicted some of insurer's factual assertions. For example, homeowner's attorney testified that he never received a complete copy of the policy from builder's attorney, and that builder's attorney refused to provide a complete copy when asked to do so.

### F. The ALJ's Initial Decision

The ALJ issued a written initial decision, containing findings of fact and conclusions of law. As relevant here, the ALJ found that the DOI's first letter "did not explicitly request that a copy of the insurance policy be sent to the [DOI]"; insurer's response substantially addressed the DOI's first letter because it answered all of the questions in the letter; insurer's failure to provide a copy of the policy was reasonable and understandable; and insurer's failure to provide a highlighted copy was not significant.

The ALJ also concluded that Reg. 1–1–8 did not provide the DOI with authority to levy a fine under the circumstances of this case. The ALJ pointed to the restriction in Reg. 1–1–8(6), limiting the DOI's sanctioning power to those sanctions made available by statute, and then observed that no statutory sections provided the DOI with express authority to levy a fine because an insurer failed to provide documents requested during the course of an informal investigation.

### G. The Commissioner's Final Decision

The Commissioner reviewed the ALJ's initial decision, and set aside certain findings of fact as being contrary to the evidence, and several conclusions of law. She determined that (1) the DOI's first letter unambiguously requested that insurer provide a highlighted certified copy of the policy to homeowner and the DOI; (2) insurer's response did not answer all the questions in the DOI's first letter; (3) insurer's failure to provide a copy of the policy along with its letter to homeowner was not reasonable or understandable; and (4) the DOI's basis for fining insurer was insurer's failure to provide a certified copy of the policy to homeowner *and* to the DOI.

The Commissioner then concluded that insurer's response did not substantially address the questions raised in the first letter because (1) the DOI's request for a copy of the policy with the relevant portions highlighted was significant; (2) insurer's failure to identify the portions of the policy that may have supported its denial of the claim was unreasonable; (3) the DOI has express authority under several statutes to assess a fine against an insurance company for not complying with an informal investigation; and (4) the DOI has implied authority to levy a fine under Reg. 1–1–8 because that regulation provides the DOI with reasonable and necessary authority to conduct efficient and thorough investigations.

## II. Standard of Review

The DOI initiated an administrative action against insurer pursuant to section 24–4–105, C.R.S.2008, to enforce the fine against insurer. At the hearing before the ALJ, the DOI was the proponent of the order because the DOI sought payment of the fine. Therefore, the DOI had the burden of proof. § 24–4–105(7), C.R.S.2008.

■■■ Either party may appeal the ALJ's initial decision to the Commissioner. *See* § 24–4–105(15)(a), C.R.S.2008. The Commissioner is required to defer to the ALJ's findings of credibility and the ALJ's assessment of the weight to be given to evidence. The Commissioner may not set aside the ALJ's findings of evidentiary fact unless they are contrary to the weight of the evidence. § 24–4–105(15)(b), C.R.S.2008; *Koinis v. Colo. Dep't of Pub. Safety,* 97 P.3d 193, 195 (Colo.App.2003). However, the Commissioner may substitute her own judgment for the ALJ's ultimate conclusion of fact if the Commissioner has a reasonable legal basis for doing so. *Koinis,* 97 P.3d at 195.

Although the distinction between evidentiary facts and ultimate conclusions of fact is not always clear, evidentiary facts generally include the detailed factual or historical findings on which a legal determination rests. Ultimate conclusions of fact, on the other hand, involve conclusions of law, or at least mixed questions of law and fact,

and often settle the rights and liabilities of the parties.

*Lawley v. Dep't of Higher Educ.,* 36 P.3d 1239, 1245 (Colo.2001) (citation omitted).

■■■ An administrative agency decision is presumptively valid. *Life Investors Ins. Co. v. Smith,* 833 P.2d 864, 867 (Colo.App.1992)(citing *People v. Gallegos,* 692 P.2d 1074 (Colo.1984)). We may only reverse the Commissioner's decision if we conclude that the Commissioner acted arbitrarily or capriciously; decided an issue that was not supported by the record; erred in her legal interpretation; or exceeded her authority. § 24–4–106(7), C.R.S.2008; *Koinis,* 97 P.3d at 195. In cases where the challenge is to the Commissioner's resolution of an ultimate conclusion of fact, we must determine whether there is substantial evidence in the record as a whole to support her conclusion. *Id.*

■■■ We set aside the decision of an administrative agency only in cases where there is no competent evidence in the record as a whole which supports the agency's determination. *Life Investors Ins. Co.,* 833 P.2d at 867. We conduct our review consistently with and pursuant to the procedures set out in section 24–4–106, C.R.S.2008, providing for judicial review of final agency actions.

## III. Issues Concerning the DOI's First Letter

### A. Ambiguity

■■■ The construction of a written document is a question of law, which we review de novo. *Meier v. Denver United States Nat'l Bank,* 164 Colo. 25, 29, 431 P.2d 1019, 1021 (1967); *Gilpin Inv. Co. v. Blake,* 712 P.2d 1051, 1053 (Colo.App.1985). In construing a document, we apply general rules of construction, and give the words used their plain and ordinary meanings. *USI Properties East, Inc. v. Simpson,* 938 P.2d 168, 173 (Colo.1997). We interpret the document as a whole, recognizing that a mere disagreement about the meaning of the language does not create an ambiguity. *See Mgmt. Specialists, Inc. v. Northfield Ins. Co.,* 117 P.3d 32, 35–36 (Colo.App.2004)(interpreting insurance poli-

cy). If an ambiguity is found to exist, the language of the document is construed against its drafter. *See id.; A.A. & E.B. Jones Co. v. Boucher*, 530 P.2d 974, 980 (Colo.App.1974)(not published pursuant to C.A.R. 35(f) ).

■ Insurer argues that the DOI's first letter was ambiguous and did not clearly demand that a copy of the policy be sent to the DOI. Further, insurer argues, even if the Commissioner could reasonably have determined that the letter was unambiguous, the Commissioner was bound by the ALJ's evidentiary finding that the letter did not clearly request that insurer send a copy of the policy to the DOI. We are not persuaded.

■ The question whether a document is ambiguous is a legal issue. *Titan Indem. Co. v. Travelers Property Cas. Co.*, 181 P.3d 303, 306 (Colo.App.2007). Thus, the Commissioner was not bound by the ALJ's conclusion that the letter was ambiguous. *See Vukovich v. Civil Service Comm'n*, 832 P.2d 1126, 1128 (Colo.App.1992)(administrative agency is not bound by hearing officer's findings of "ultimate facts or conclusions of law"). Here, after performing de novo review, we agree with the Commissioner that the letter was not ambiguous.

The ALJ's conclusion that the DOI's first letter was ambiguous because it did not indicate that a copy of the insurance policy should be sent to the DOI is rebutted by several clear statements in the letter. It stated that:

- Homeowner had filed a complaint against insurer, and the complaint raised the issue whether insurer had violated insurance laws. Thus, insurer was on notice that its conduct was being investigated by the DOI.
- One of homeowner's allegations concerned subrogation, and the letter indicated that the DOI wanted an explanation of insurer's position on subrogation.
- The DOI unequivocally requested insurer to provide a certified copy of the insurance policy, with the portions applicable to "this matter" highlighted.
- Insurer was to follow certain instructions, including those establishing the time frame in which a "complete [written] response" was to be made; and insurer was warned that "failure to comply within this time frame may result in imposition of a penalty of $500." The paragraph containing these instructions specifically referred to Reg. 1–1–8. Thus, insurer was placed on notice that the DOI's first letter was making a request under a regulation entitled, "Penalties and Timelines Concerning Division Inquiries and Document Requests."
- Insurer should "respond to [homeowner] directly, with a copy of [its] response to [the analyst]." This statement was directly followed with a request to "provide all documentation pertinent to the enclosed complaint letter, which will assist in [the DOI's] evaluation of this matter." This language made plain that insurer was to provide the DOI with "all documentation" pertinent to homeowner's complaint, which would necessarily include the highlighted copy of the insurance policy. Further, the language made clear that the purpose for providing the documentation was to assist the DOI.

Based on this analysis, we conclude that the plain meaning of the language in the letter was that insurer was to send a highlighted copy of the policy to homeowner and to the DOI. Thus, insurer's argument is not supported by the terms of the letter itself. *See Brown & Root, Inc. v. Indus. Claim Appeals Office*, 833 P.2d 780, 785 (Colo.App. 1991).

### B. Substantial Compliance

■ Insurer urges that, in the alternative, even if the DOI's inquiry letter unambiguously requested that insurer send a copy of the policy to the division, insurer's response substantially addressed the DOI's request for information. Thus, insurer reasons, it complied with Reg. 1–1–8. We are not persuaded.

■ Despite the ALJ's finding that insurer substantially addressed the DOI's first letter in insurer's response, this finding settles the ultimate rights and liabilities between the parties, and thus is an ultimate

conclusion of fact. *Lawley,* 36 P.3d at 1245. Consequently, the Commissioner was entitled to substitute her own judgment for the ALJ's and make her own determination on the matter. *Koinis,* 97 P.3d at 195.

Relying on *Koinis,* we conclude that the record as a whole contains substantial evidence supporting the Commissioner's determination that insurer's response did not substantially address the DOI's first letter and, therefore, violated Reg. 1–1–8. Insurer's response did not include a highlighted copy of the full policy. It was clear that the DOI wanted this document to assess homeowner's complaint concerning subcontractor subrogation. In fact, insurer did not provide the DOI with a highlighted copy until after the DOI's second letter, which indicated that insurer would be fined for failing to provide the copy.

We conclude that the DOI's request for the policy was a substantial part of the DOI's first letter, and failure to supply it constituted an important omission. We further conclude that the failure to provide the policy meant that insurer's response did not substantially comply with the DOI's first letter, as determined by the DOI. *See Ohlson v. Weil,* 953 P.2d 939, 941 (Colo.App.1997) (an administrative agency is entitled to deference in its interpretation of its own regulations and governing statutes). Thus, under Reg. 1–1–8(4)(B), the insurer's response was "incomplete."

### C. Record Support for the Commissioner's Decision

Insurer contends that the Commissioner's findings of fact and conclusions of law are not supported by the evidence in the record. As discussed above, as to each of insurer's arguments on appeal, there is sufficient evidence in the record to support the Commissioner's findings. We need not restate the evidence here.

### IV. The DOI Has Express Statutory Authority to Levy a Fine Under These Circumstances

Insurer contends the DOI does not have express or implied authority to levy a fine for failing to provide a complete response to an inquiry letter under Reg. 1–1–8 during the course of an informal investigation. We conclude that the DOI has express authority to levy such a fine, and therefore we do not address the issue whether the DOI had implied authority to do so.

Reg. 1–1–8(1) states that one of the statutes providing the authority for the regulation is section 10–3–109(3). This section is one of many that regulate insurance companies. It reads:

If any entity regulated by the division of insurance fails to file any other document required by law or rules and regulations to be filed with the division of insurance ... the commissioner may assess a penalty not to exceed five hundred dollars for an initial violation....

We conclude that section 10–3–109(3) provides express statutory authority for the Commissioner to impose the fine in this case because:

- This statutory section is specifically mentioned in Reg. 1–1–8(1) as one basis for the regulation's authority.
- It expressly authorizes the Commissioner to assess a monetary penalty of $500 for an initial violation.
- A violation occurs when an insurance company fails to file a document required by a regulation to be filed with the DOI.
- According to *Webster's Third New International Dictionary* 849 (2002), the definition of the verb "to file" pertinent to our discussion is "to deliver (as a legal paper or instrument) after complying with any condition precedent (as the payment of a fee) to the proper officer for keeping on file among the records of his office."
- Reg. 1–1–8 requires insurance companies to file documents with the DOI because Reg. 1–1–8(5)(B) requires insurance companies to provide complete written responses to inquiries from the DOI; and Reg. 1–1–8(2) indicates that the purpose of the regulation is to prescribe time periods in which insurance companies are to respond to the DOI's "document and information requests during ... investigations of complaints, and any other for-

mal or informal investigation ... for the purpose of determining compliance with Colorado insurance law."

- By failing to provide the highlighted policy to the DOI, insurer violated Reg. 1–1–8, and, thus, section 10–3–109(3) provided an express statutory basis for the Commissioner to impose the $500 fine.

The order is affirmed.

Judge GRAHAM and Judge BOORAS concur.