22CA0473 Peo v Yeomans 08-01-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA0473 Boulder County District Court No. 20CR2009 Honorable Ingrid S. Bakke, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Christopher Thomas Yeomans, Defendant-Appellant. ORDER AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division II Opinion by JUDGE FOX Grove and Sullivan, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 1, 2024 Philip J. Weiser, Attorney General, Trina K. Kissel, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Christopher Thomas Yeomans, appeals the district court’s restitution order entered after he pleaded guilty to and was sentenced for second degree assault. He contends that the district court erred (1) at sentencing by giving the prosecution ninety-one days to determine the restitution amount, pursuant to section 18-
1.3-603(1)(b), C.R.S. 2023, and People v. Weeks, 2021 CO 75; and (2) by ordering restitution before the prosecution had submitted its written determination of the restitution amount. We affirm and remand the case for correction of the mittimus. I. Weeks and the Restitution Statute ¶ 2 Eleven days before Yeomans was sentenced, the supreme court decided Weeks, in which it interpreted the statutory deadlines for restitution set forth in section 18-1.3-603. Pursuant to the statute, every order of conviction must include one of four types of restitution orders: (a) an order to pay a specific amount; (b) an order obligating the defendant to pay restitution but deferring the establishment of the actual amount owed; (c) an order that the defendant is obligated to pay the actual costs of specific future treatment for the victim; or (d) a finding that no victim suffered a 
2 pecuniary loss and thus no restitution is owed. § 18-1.3-603(1)(a)-
(d); Weeks, ¶ 3. ¶ 3 In Weeks, the supreme court held that the ninety-one-day deadline for determining restitution under section 18-1.3-603(1)(b) governs a district court’s determination of the amount of restitution, and that the court lacks authority to impose restitution after that deadline unless it expressly finds, before the deadline, good cause for extending it. Weeks, ¶ 5. The supreme court further held that, under section 18-1.3-603(2), the prosecution must move for restitution and present the information supporting the proposed amount of restitution before or at sentencing, if the information is then available. Id. at ¶¶ 30-31, 40. If the information is not available at sentencing, the prosecution must submit it within ninety-one days. Id. And the district court may extend this deadline if, before the deadline expires, it expressly finds extenuating circumstances affecting the prosecution’s ability to determine restitution within ninety-one days. Id. at ¶ 40. II. Procedural Background ¶ 4 As part of Yeomans’ plea agreement, he agreed to the prosecution seeking restitution and the district court ordering it. 
3 ¶ 5 At the sentencing hearing on November 19, 2021, the prosecutor asked the court to order restitution and reserve the amount for ninety-one days. The court “order[ed] restitution . . . and the amount [wa]s reserved to be determined within a 91-day period.” Defense counsel did not object. The court issued a minute order ordering restitution and reserving the amount for ninety-one days but did not reference restitution on the mittimus. ¶ 6 Twenty days later, on December 9, 2021, the prosecution filed a motion asking the court to correct the mittimus and find extenuating circumstances to extend its deadline to determine the restitution amount past ninety-one days. It requested a three-
month extension because the victim required additional treatment, as permitted by section 18-1.3-603(1)(c). In turn, it requested an order finding good cause to extend the ninety-one-day deadline to order restitution under section 18-1.3-603(1)(b). ¶ 7 Yeomans objected to the requested extension of the deadline. Attached to Yeomans’ objection were (1) an email chain dated December 8, 2021, outlining the prosecution’s request for information from the City of Longmont regarding the victim’s workers’ compensation expenses and (2) a ledger of those expenses 
4 totaling $35,385.16. The ledger included payments that were made on the day of sentencing. And an email from the City indicated that the victim was “still under treatment” and the City had not closed the workers’ compensation claim. Yeomans argued that (1) continuing expenses for the victim should be denied because the district court’s restitution order at sentencing was made under section 18-1.3-603(1)(b), not section 18-1.3-603(1)(c), and the prosecution had not provided sufficient reasons for an extension; and (2) the prosecution requested information about the victim’s expenses after sentencing even though that information was available before then, which barred the court from ordering restitution under section 18-1.3-603(2). ¶ 8 The prosecution replied, asserting that it was in fact requesting an extension of its deadline to determine restitution under section 18-1.3-603(1)(b), not section 18-1.3-603(1)(c). It also asserted that the amount of restitution was not available at sentencing because the victim had not healed from surgery and may require additional treatment, and the City of Longmont had not yet closed the workers’ compensation claim. Alternatively, the prosecution asked the district court to order restitution in the 
5 amount already incurred, $35,385.16, but did not provide any supporting documentation. ¶ 9 On February 7, 2022, eighty days after sentencing, the district court issued an order for restitution in the amount of $35,385.16. The court made the following findings: (1) There were no extenuating circumstances asserted by the prosecution to warrant an extension of the ninety-one-day deadline. It also was not appropriate to extend the deadline because the restitution amount was “easily ascertainable.” The court reasoned that “e-mail exchanges between the City of Longmont and the District Attorney’s Office confirm [the restitution] information was only sought by the People after sentencing and was provided to the District Attorney’s Office within hours of request.” Nonetheless, the court overruled Yeomans’ objection because, “although the amount of restitution was ascertainable at sentencing,” Yeomans did not contemporaneously object at sentencing to the court granting the prosecution ninety-one days to determine a restitution amount. 
6 (2) The prosecution could not now request a restitution order under section 18-1.3-603(1)(c), despite the victim’s ongoing treatment, when at sentencing it had requested an order under section 18-1.3-603(1)(b).
1 (3) No good cause existed to extend the court’s deadline for ordering restitution beyond the statutory ninety-one-day period because the factual circumstances of the case did not support such a finding. (4) The omission of restitution from the mittimus had been a typographical error, and the final judgment would be “amended to reflect the order announced in open court.” ¶ 10 Three days later, the prosecution filed a notice specifying that it was requesting $35,385.16 in restitution and specifying the victim’s name “for inclusion in the record, as the Court ha[d] already ordered restitution.” The notice relied on the 1 The People argue that the district court erred by holding that the prosecution could not request restitution for ongoing expenses under section 18-1.3-603(1)(c), C.R.S. 2023. Because the People did not cross-appeal this issue, it is not properly before us. See Koinis v. Colo. Dep’t of Pub. Safety, 97 P.3d 193, 197 (Colo. App. 2003) (“An appellee must file a cross-appeal in order to raise a contention that, if successful, would increase its rights under the judgment or order being reviewed.”). 
7 documentation submitted by Yeomans in his objection to the prosecution’s motion. III. Discussion A. Preservation and Standard of Review ¶ 11 The parties dispute the preservation of Yeomans’ arguments. But the parties agree, as do we, that his claims are properly before us because they would be cognizable under Crim. P. 35(a), for which there is no preservation requirement. See Fransua v. People, 2019 CO 96, ¶ 13 (there is no preservation requirement for claims that can be raised in a postconviction motion under Crim. P. 35(a)); People v. Perez, 2020 COA 83, ¶ 14 (claims concerning the timeliness of restitution orders are cognizable under Crim. P. 35(a)), overruled on other grounds by People v. Weeks, 2021 CO 75, ¶ 47 n.16, cert. granted, judgment vacated on other grounds, and case remanded, (Colo. No. 20SC559, Dec. 6, 2021) (unpublished order). ¶ 12 Because Yeomans’ arguments depend on the court’s interpretation of the restitution statutes, we review them de novo. See Weeks, ¶ 24. 
8 B. Timeliness of the Prosecution’s Restitution Request ¶ 13 Yeomans asserts that the district court erroneously granted the prosecution a ninety-one-day extension to determine the restitution amount because the information was readily available at sentencing and there was “no evidence that the information was unavailable.” We conclude that any error was harmless. 1. Waiver ¶ 14 At the outset, we reject the People’s argument that Yeomans waived this issue. The People rely on People v. Fregosi, 2024 COA 6, to assert that Yeomans waived this issue because he agreed to pay restitution in the plea agreement and failed to object to the prosecution’s request to reserve the amount of restitution for ninety-one days at sentencing. However, Fregosi is distinguishable. In Fregosi, the defendant agreed “to pay restitution, and ‘[t]he People reserve[]d restitution’ in the plea agreement.” Id. at ¶ 19. And at sentencing, after the prosecution asked for a ninety-one-day extension to determine the appropriate amount of restitution, the district court asked defense counsel if he had any objection, to which defense counsel said, “No, Judge.” Id. at ¶ 4. 
9 ¶ 15 But in the plea agreement here, Yeomans did not agree to the prosecution reserving the amount of restitution at sentencing; he merely agreed to pay restitution. And defense counsel did not affirmatively decline to object to the prosecution’s request for additional time at sentencing; rather, defense counsel said nothing. Id. at ¶ 17 (“Waiver is the intentional relinquishment of a known right or privilege. Although a waiver can be implied, the conduct must be unequivocal and clearly manifest an intent to relinquish the claim. The mere failure to raise an issue does not suffice.”) (citations omitted). We therefore reject the People’s invitation to find waiver based on Fregosi. 2. Analysis ¶ 16 A division of this court recently decided People v. Brassill, 2024 COA 19, which is instructive here. In Brassill, the division held that the prosecution must “exercise reasonable diligence to determine the amount of restitution and present it to the court at or 
10 before the sentencing hearing.”
2 Brassill, ¶ 30. However, the division also held that the prosecution’s failure to exercise reasonable diligence does not deprive the district court of the authority to order restitution if it does so within its ninety-one-day deadline. Id. at ¶ 58. ¶ 17 Here, the prosecution failed to act with reasonable diligence in determining the restitution amount because, as the district court found, the amount was “easily ascertainable” at sentencing but the prosecution waited until December 8, 2021 (nineteen days after sentencing) to request it. Yet, the court entered the restitution order within its ninety-one-day deadline. Because the court retained its authority to enter restitution within the ninety-one-day deadline despite the prosecution’s lack of reasonable diligence, any error in the prosecution’s failure to exercise reasonable diligence in procuring the restitution information was harmless. See id. at ¶¶ 56-63. 2 The People urge us not to follow People v. Brassill, 2024 COA 19, because diligence is already built into the restitution statute and the statute on its face does not create a separate reasonable diligence requirement. But we find the Brassill decision to be thorough and well-reasoned, and we follow it here. 
11 ¶ 18 Because we resolve this issue on this ground, we need not address Yeomans’ argument that the district court had a duty to inquire as to why the prosecution did not have a restitution amount available at sentencing, or the prosecution’s argument that Yeomans did not lodge a contemporaneous objection to the section 18-1.3-603(1)(b) order. C. The Timing of the District Court’s Restitution Order ¶ 19 Yeomans argues that the district court acted without statutory authority by entering a restitution order for $35,385.16 because the prosecution’s reply to its December 9, 2021, motion did not qualify as a restitution request, and the prosecution’s request filed three days after the court’s order did not retroactively restore the court’s authority. We again conclude that any error was harmless. ¶ 20 The prosecution moved for restitution at sentencing when they told the court they “anticipate restitution in every case” and “would ask that the Court order that the restitution be ordered in those cases and then reserve the amount for 91 days, please.” See People v. Tennyson, 2023 COA 2, ¶ 36 (“We are satisfied that the prosecutor’s request ‘for restitution’ at the sentencing hearing was 
12 sufficient to constitute a motion for an order that [the defendant] pay restitution.”) (cert. granted Sept. 11, 2023). ¶ 21 The prosecution subsequently moved for clarification of restitution and an extension of its deadline. Yeomans objected and included a ledger of the victim’s workers’ compensation payments that the prosecutor had provided to him. The total on the ledger was $35,385.16. And in the prosecution’s reply, it requested, “[a]lternatively, if the Court disagrees with the People’s analysis, a[] final order for restitution in the amount of $35,385.16, the amount already paid for [the victim’s] injury.” The district court based its restitution order for $35,385.16 on this information. That the prosecution filed a formal request for restitution in the same amount three days later did not prejudice Yeomans. Therefore, any error created by this procedural irregularity was harmless, and we decline to vacate Yeomans’ restitution order on this basis. See Crim. P. 52(a). IV. Mittimus ¶ 22 Despite the district court’s ruling ordering a specific amount of restitution, it did not include the amount of restitution on the mittimus. Accordingly, we remand for the court to amend the 
13 mittimus to reflect the amount of restitution owed. See People v. Smith, 121 P.3d 243, 251 (Colo. App. 2005). V. Disposition ¶ 23 The restitution order is affirmed, and the case is remanded to the district court to amend the mittimus. JUDGE GROVE and JUDGE SULLIVAN concur.