25CA1101 Marriage of Wells 06-25-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1101
Douglas County District Court No. 23DR30449
Honorable Daniel Warhola, Judge

In re the Marriage of

Stephanie L. Pope,

Appellee,

and

Roland Shane Wells,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE LIPINSKY
Yun and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

Sherr Puttmann Akins Lamb, P.C., Michelle R. Brinner, Denver, Colorado, for
Appellee

Hinds and Hinds Family Law, P.C., C. Darin Jensen, Greenwood Village,
Colorado, for Appellant

¶ 1    Roland Shane Wells (husband) appeals the portions of the permanent orders entered in the case dissolving his marriage with Stephanie L. Pope (wife) that addressed division of the value of what the district court characterized as "the marital home" (the residence).  We reverse and remand for further proceedings.

## I.    Background

¶ 2    Before marrying wife in 2019, husband paid a third party $175,364.02 (the lot payment) to purchase a lot in Littleton.  Construction of the residence on the lot began after the parties married.  At the time the district court entered the permanent orders in 2025, however, the residence remained unfinished.

¶ 3    The parties had no children together and waived spousal maintenance.  At the permanent orders hearing, the only two disputed issues were the division of marital property under section 14-10-113, C.R.S. 2025, and wife's request for attorney fees and costs under sections 14-10-119 and 13-17-102, C.R.S. 2025.

¶ 4    In an oral ruling following the hearing, the district court dissolved the marriage, divided what it deemed the marital property (which included, but was not limited to, the residence), and denied wife's request for attorney fees and costs.

¶ 5     Husband raises three contentions in this appeal, all of which concern the residence: (1) the district court erred by classifying the residence as marital property; (2) even if the classification was correct, the court erred by failing to apply the statutory factors governing property division when it divided the residence's value; and (3) the district court abused its discretion by ordering the sale of the residence.  We agree that reversal is required.

## II.    Analysis

### A.    Legal Principles and Standard of Review

¶ 6     "When dividing a marital estate, a district court must first determine whether an asset or debt is marital or separate."  *In re Marriage of Capparelli*, 2024 COA 103M, ¶ 9, 561 P.3d 417, 421; *see* § 14-10-113(1).  The court then must value the marital property and equitably divide it, although the division need not be equal.  *Capparelli*, ¶ 9, 561 P.3d at 421; *see* § 14-10-113(1).

¶ 7     Property acquired before the marriage is separate.  *In re Marriage of Wright*, 2020 COA 11, ¶ 8, 459 P.3d 757, 760; § 14-10-113(4).  However, separate property is considered marital property, subject to division, to the extent its present value exceeds

its value at the time of the marriage. *See In re Marriage of Burford*, 26 P.3d 550, 556 (Colo. App. 2001); *see* § 14-10-113(1)(d), (4).

¶ 8 Property acquired during the marriage is presumed marital unless it falls within one of the exceptions found in section 14-10-113(2). § 14-10-113(3); *Capparelli*, ¶ 10, 561 P.3d at 421. One exception is "[p]roperty acquired in exchange for property acquired prior to the marriage." § 14-10-113(2)(b); *see In re Marriage of Smith*, 2024 COA 95, ¶ 41, 559 P.3d 662, 671-72 ("[A] party may overcome [the] presumption" that property acquired during the marriage is marital "by showing that the property was acquired in exchange for that party's separate assets."). The spouse claiming that property acquired during the marriage was purchased with a premarital asset bears the burden of proving that the property retained its separate character. *Smith*, ¶ 41, 559 P.3d at 671-72. If separate property is so commingled with marital property that it cannot be traced to its original separate form, it becomes marital property. *See In re Marriage of Green*, 169 P.3d 202, 204 (Colo. App. 2007). To retain its separate character, premarital property must be traceable to the spouse's separate property. *See id.*

¶ 9      In addition, a spouse may make a gift of separate property to the marriage. *See In re Marriage of Balanson*, 25 P.3d 28, 37 (Colo. 2001); § 14-10-113(2)(a). For example, "[p]roperty that is placed in joint tenancy by a spouse during the marriage reflects an intent by the donor spouse to make a gift to the marriage." *Balanson*, 25 P.3d at 37. "[S]uch property may be presumed to be marital property absent clear and convincing evidence to the contrary." *Id.*

¶ 10     The classification of property as marital or separate is a legal determination based on the district court's factual findings. *Capparelli*, ¶ 8, 561 P.3d at 421. While we defer to the court's factual findings, we review its legal determinations de novo. *Id.* A district court's order "must contain findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its order and to enable the appellate court to determine the grounds upon which it rendered its decision." *In re Marriage of Rozzi*, 190 P.3d 815, 822 (Colo. App. 2008).

¶ 11     The district court "has broad discretion to determine an equitable division of the marital assets and debts." *Capparelli*, ¶ 7, 561 P.3d at 421. We will not disturb that division absent an abuse

of discretion that, "when viewed in relation to the property division as a whole, 'affects the substantial rights of the parties.'" *LaFleur v. Pyfer*, 2021 CO 3, ¶ 61, 479 P.3d 869, 885 (quoting *Balanson*, 25 P.3d at 36). The court abuses its discretion by misapplying the law. *Smith*, ¶ 65, 559 P.3d at 674.

### B.     Classification of the Residence

¶ 12     Neither party contests the district court's finding that $175,364.02 of the residence's value — the amount that husband paid for the lot — was his separate property. The parties dispute, however, whether the residence itself is separate or marital property. Husband contends that the court erred by classifying it as marital property, while wife argues that the court properly treated the increase in the residence's value during the marriage as marital property.

¶ 13     The court made minimal findings to support its classification of the residence as marital property — finding only that it was "clearly the intent of the parties to build [the residence] as their marital home" and "[t]he funds to build the house were marital funds."

¶ 14     First, we consider the court's finding regarding the parties'

intent.  *See In re Marriage of Vittetoe*, 2016 COA 71, ¶ 34, 488 P.3d

103, 108 (explaining that the determination of whether separate

property was gifted to the marriage "hinges fundamentally on the

intent and acts of [the parties], which, in turn, are questions of fact

for the district court to resolve").  But wife does not appear to argue

— and the court never found — that husband intended to gift the

residence to the marriage.  Although the court found that the

parties intended to build the residence as "their marital home," it

did not find that the residence was a gift to the marriage under

section 14-10-113(2)(a).

¶ 15     Accordingly, we next turn to the court's other apparent basis

for classifying the residence as marital property — its finding that

"[t]he funds to build the house were marital funds."  The court

provided no factual basis for this finding.  *See Rozzi*, 190 P.3d at

822; *see also Wright*, ¶ 20, 459 P.3d at 762 (holding that the district

court must make sufficient findings to permit meaningful appellate

review).  Specifically, the district court did not make any findings

regarding husband's contention that he paid for the residence's

design and construction with his separate funds, nor did it

determine that husband failed to satisfy his burden of proving that he used separate funds to pay for the residence's design and construction. Further, the court's order does not address the critical issues of tracing, commingling, and appreciation. Without sufficient findings, we are unable to determine whether, as a matter of law, the court erred by concluding that the residence is marital property. *See LaFleur*, ¶¶ 61-65, 479 P.3d at 885-86 (setting aside property division and remanding for further proceedings, including for the court to classify the property as separate or marital).

¶ 16 For this reason, and without expressing any opinion as to the outcome on remand, we reverse the district court's conclusion that the residence is marital property and remand for the necessary factual findings on these issues.

## C. Property Division

¶ 17 Husband also contends that the district court erred by failing to consider the statutory factors for division of marital property. We address this issue because it is likely to arise on remand. *See In re Marriage of Morgan*, 2018 COA 116M, ¶ 16, 428 P.3d 550, 553 (addressing a contention "[b]ecause it may arise on remand").

¶ 18     Upon dissolution, a district court must divide marital property in a way that is just and equitable, though the division need not be equal.  *See* § 14-10-113(1); *see Burford*, 26 P.3d at 556.  In doing so, the court must consider all relevant factors, including

> (a)     The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;
>
> (b)     The value of the property set apart to each spouse;
>
> (c)     The economic circumstances of each spouse at the time the division of property is to become effective, . . . ; and
>
> (d)     Any increases or decreases in the value of the separate property of the spouse during the marriage or the depletion of the separate property for marital purposes.

§ 14-10-113(1)(a)-(d); *see Burford*, 26 P.3d at 556.

¶ 19     "[T]he court need not make specific findings as to each statutory factor as long as the findings made are sufficient to allow the reviewing court to determine that the decision is supported by competent evidence."  *In re Marriage of Powell*, 220 P.3d 952, 959 (Colo. App. 2009).  Findings are sufficient so long as a reviewing

8

court "can ascertain what factors the court found to be persuasive." *Id.*

¶ 20    As noted above, a district court possesses broad discretion to fashion an equitable division of marital property. *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 28, 534 P.3d 531, 539. However, a court abuses its discretion by misapplying the law. *Smith*, ¶ 65, 559 P.3d at 674.

¶ 21    After finding the residence to be marital property, the district court subtracted the amount of the lot payment from the residence's then-current value (which the court found was $2,564,000). It then determined that the amount subject to division was $2,388.635.98 and awarded each party a fifty percent share of this marital portion — $1,194,317.99.

¶ 22    We agree with husband that, in dividing the value of the residence, the court did not consider the factors set forth in section 14-10-113(1). Specifically, the court did not indicate which factors it considered or how it applied those factors to the evidence presented at the permanent orders hearing. *See Powell*, 220 P.3d at 959. The court simply said it was "going to split equally the equity from the home" without explanation. Accordingly, on remand, the

district court must reconsider its division of the residence's value in light of the section 14-10-113(1) factors and explain the specific factors on which it bases its ruling. *See Powell*, 220 P.3d at 959.

## D. Order to Sell

¶ 23    Finally, husband contends that the district court erred by ordering the sale of the residence. Because we are reversing the portions of the permanent orders that classified the residence (excluding the purchase price of the lot) as marital property and divided its value, the court must reconsider on remand whether, in accordance with section 14-10-113, a sale is appropriate.

## III. Wife's Request for Attorney Fees and Costs

¶ 24    First, wife requests an award of her attorney fees and costs under section 14-10-119 and C.A.R. 39. As an initial matter, we note that wife did not cross-appeal the district court's denial of her request for attorney fees under either section 14-10-119 or section 13-17-102. Accordingly, to the extent wife asks us to reverse that portion of the permanent orders, we decline to do so. *See Koinis v. Colo. Dep't of Pub. Safety*, 97 P.3d 193, 197 (Colo. App. 2003) ("An appellee must file a cross-appeal in order to raise a contention that,

if successful, would increase [her] rights under the judgment or order being reviewed.").

¶ 25    To the extent wife requests her *appellate* attorney fees and costs under section 14-10-119, we deny that request. Wife did not prevail in this appeal and her request is conclusory and undeveloped. *See People v. Liggett*, 2021 COA 51, ¶ 53, 492 P.3d 356, 365 (noting that appellate courts do not address undeveloped arguments), *aff'd*, 2023 CO 22, 529 P.3d 113.

¶ 26    As best we can discern, wife also requests her appellate attorney fees and costs under section 13-17-102, claiming that husband's arguments are frivolous and vexatious. But because husband prevailed in this appeal, his appellate arguments are neither frivolous nor vexatious. Accordingly, we deny this request. *See In re Marriage of Boettcher*, 2018 COA 34, ¶ 38, 454 P.3d 321, 327, *aff'd*, 2019 CO 81, 449 P.3d 382.

## IV.   Remand Instructions

¶ 27    The judgment is reversed. On remand, the court must make adequate findings supporting its classification of the residence as either separate or marital property. The court must then reconsider the division of the residence's value in accordance with the

applicable statutory factors. Finally, if the court orders the sale of the residence, it must provide its reasoning for doing so. We express no opinion as to how the court should rule on any of these issues after it makes the requisite findings and conducts its analysis.

## V.    Disposition

¶ 28    The judgment is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

JUDGE YUN and JUDGE SCHUTZ concur.