The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard Alfred LONG, Jr., Defendant–Appellant.

No. 04CA0648.

Colorado Court of Appeals, Div. IV.

Oct. 6, 2005.

As Modified on Denial of Rehearing Dec. 1, 2005.

John W. Suthers, Attorney General, Clemmie Parker Engle, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Leslie A. Goldstein, Steamboat Springs, Colorado, for Defendant–Appellant.

RUSSEL, J.

Defendant, Richard Alfred Long, Jr., appeals the trial court's order denying his motion for postconviction relief. We reverse and remand for further proceedings.

## I. Background

In 2003, Long was convicted by a jury of first degree assault. At the sentencing hearing, Long said that he wanted to discharge his trial attorney, represent himself during sentencing, and have the public defender represent him on direct appeal. The trial court approved Long's request and indicated that it would appoint the public defender to handle the appeal. The court sentenced Long to fifteen years in prison.

No direct appeal was filed. The record contains no written order appointing the public defender.

In 2004, Long filed a pro se Crim. P. 35(c) motion, claiming that the public defender had rendered ineffective assistance by failing to perfect a direct appeal. Long claimed that, as a remedy, his conviction should be vacated and he should receive a new trial.

The trial court summarily denied the motion. Citing *Strickland v. Washington,* 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court ruled that Long had failed to establish prejudice because he did not demonstrate that he had meritorious grounds for an appeal.

Long now appeals from the trial court's order.

## II.   Standard of Review

A district court may summarily deny a postconviction claim if, among other things, the factual allegations fail to state a constitutional claim for relief. *People v. Rodriguez*, 914 P.2d 230, 255 (Colo.1996); *People v. Zuniga*, 80 P.3d 965, 972–73 (Colo. App.2003). Whether a motion states a claim for relief is a legal determination subject to de novo review. *Cf. Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 877 (Colo.App.2003) (reviewing motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5) ).

## III.   Ineffective Assistance on Appeal

The Sixth Amendment of the United States Constitution and article II, § 16 of the Colorado Constitution guarantee the effective assistance of counsel. *Strickland v. Washington, supra; Lanari v. People*, 827 P.2d 495, 500 (Colo.1992). This guarantee applies to counsel's performance on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834–35, 83 L.Ed.2d 821 (1985); *People v. Valdez*, 789 P.2d 406, 408 (Colo. 1990).

Claims of ineffective assistance of counsel are governed by the test set forth in *Strickland v. Washington, supra*. Under this test, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness" and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington, supra*, 466 U.S. at 688, 694, 104 S.Ct. at 2064, 2068.

The same two-part *Strickland* test applies to claims of ineffective assistance of appellate counsel. However, the test will vary in its application, depending on the type of claim presented. To demonstrate, we will discuss two common types of claims.

### A.   Performance in Perfected Appeal

One type of claim is based on counsel's representation during the course of a perfected appeal that resulted in a judgment on the merits. A typical example would involve allegations that counsel overlooked a meritorious argument.

To demonstrate error in this context, the defendant must show that counsel failed to present the case effectively. For example, a defendant could demonstrate error by showing that appellate counsel ignored issues that are clearly stronger than those presented. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's errors, he or she would have prevailed on the appeal. *Smith v. Robbins*, 528 U.S. 259, 285–86, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000); *see also People v. Valdez, supra*, 789 P.2d at 410 (to establish prejudice, defendant must demonstrate the existence of meritorious grounds for reversal).

### B.   No Perfected Appeal

A different type of claim is based on counsel's failure to perfect an appeal. In this context, the prejudice inquiry involves no evaluation of the defendant's appellate claims. Thus, for example, a defendant who shows that counsel disregarded specific instructions to appeal will have established both prongs of the *Strickland* test:

- "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000). Counsel's failure "cannot be considered a strategic decision." *Roe v. Flores–Ortega, supra*, 528 U.S. at 477, 120 S.Ct. at 1035.

- The prejudice resulting from the failure to file a notice of appeal is not in the outcome of the proceeding, but in the forfeiture of the proceeding itself. *Roe v. Flores–Ortega, supra*, 528 U.S. at 483,

120 S.Ct. at 1038. Accordingly, the defendant need not show a likelihood of success on appeal. *Rodriquez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969); *see also United States v. Snitz*, 342 F.3d 1154 (10th Cir.2003).

## IV. Discussion

■ Long contends, the People concede, and we agree that the trial court applied the *Strickland* test incorrectly. Long did not complain about counsel's representation during the course of a perfected appeal. He alleged that counsel failed to perfect an appeal, despite his repeated written requests. As noted above, this type of claim does not require a showing of meritorious grounds for appeal. *Roe v. Flores–Ortega, supra; Rodriquez v. United States, supra; United States v. Snitz, supra.*

Because Long's postconviction motion stated a claim for relief, the trial court erred in denying the motion without a hearing. Accordingly, the trial court's order must be reversed.

■ We now determine the appropriate remedy. Although Long requested a new trial in his pro se motion, this remedy may not be awarded. Because Long alleged that he was deprived of the right to appeal, his sole remedy is reinstatement of this right. *See Peguero v. United States*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) (if counsel fails to file a requested notice of appeal, the defendant is entitled to a new appeal); *Rodriquez, supra* (same); *see also Estep v. People*, 753 P.2d 1241 (Colo.1988) (dismissal of appeal caused by ineffective assistance of counsel would entitle defendant to reinstatement of appeal).

Citing *People v. Baker*, 104 P.3d 893 (Colo. 2005), Long also argues that we should reinstate his appeal without remanding for an evidentiary hearing. We disagree. Unlike in *Baker*, the record here does not firmly establish ineffective assistance of counsel:

- The sentencing transcript shows that Long wanted to be represented on appeal, and it evidences the trial court's intention to appoint the public defender. But the record does not show that the court actually appointed the public defender. Nor does it show that the public defender was notified of the appointment.

- Assuming that the public defender was appointed and notified, the record does not evidence any communication between Long and the public defender. Although Long alleges that he repeatedly wrote to the public defender to express his desire to appeal, the record does not confirm this.

We therefore conclude that an evidentiary hearing is necessary. If Long establishes the elements of his claim, the trial court should appoint counsel for direct appeal and order counsel to file, in this court, a motion to allow a late-filed notice of appeal. The motion should include, as proof of good cause, the trial court's order finding ineffective assistance of counsel for failure to file a timely notice of appeal. See *People v. Baker, supra*, 104 P.3d at 896; see also *Manning v. State*, 122 P.3d 628 (Utah,2005). If the evidence indicates that appellate counsel was never appointed, the trial court should award relief under the authorities that govern complete denial of appellate counsel. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (distinguishing *Strickland* prejudice from presumed prejudice occasioned by an error that amounts to complete deprivation of appellate counsel). Similarly, if the evidence indicates that counsel was appointed but did not receive Long's written instructions to appeal, the court should proceed under the authorities that govern claims of failure to consult. *See Roe v. Flores–Ortega, supra* (applying *Strickland* to allegations that counsel failed to consult with defendant about the appeal).

The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge HUME * concur.