23CA1357 Peo v Jayne 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1357
Douglas County District Court No. 14CR599
Honorable Theresa Slade, Judge
Honorable Stephen A. Groome, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Timothy Allen Jayne,

Defendant-Appellant.

ORDERS AFFIRMED

Division II
Opinion by JUDGE SCHOCK
Fox and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Erin Wigglesworth, Alternate Defense Counsel, Denver, Colorado, for
Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Timothy Allen Jayne, appeals two district court orders denying several of his Crim. P. 35(c) claims without a hearing and one claim after a hearing. We affirm the orders.

## I.     Background

¶ 2     Jayne was charged with several offenses for his involvement in a home burglary and assault of the homeowner. The charges included first and second degree assault; first and second degree burglary; aggravated robbery; robbery; conspiracies to commit aggravated robbery, first degree burglary, and second degree burglary; theft; and two crime of violence sentence enhancers.

¶ 3     Initially, Jayne pleaded guilty to first degree burglary and the two crime of violence sentence enhancers, with a stipulated sentencing range of fifteen to twenty-eight years in the custody of the Department of Corrections. But Jayne withdrew that plea, asserting that he had been coerced into accepting the plea offer by his counsel's advisement that he "would be convicted of multiple consecutive sentences of pending charges if taken to trial."

¶ 4     Jayne went to trial and was convicted of aggravated robbery, first degree burglary, second degree burglary, theft, all three conspiracy counts, and both crime of violence sentence enhancers.

1

He was acquitted on the other counts. The court merged certain convictions and sentenced Jayne to an aggregate sentence of twenty-five years in the custody of the Department of Corrections.

¶ 5 Jayne appealed, arguing that the prosecutor committed misconduct during closing argument and that the district court erred by imposing consecutive sentences on two of his convictions. A division of this court affirmed the judgment. *See People v. Jayne*, (Colo. App. No. 16CA0744, Nov. 19, 2017) (not published pursuant to C.A.R. 35(e)) (*Jayne I*). Another division affirmed the district court's subsequent denial of Jayne's motion to correct an illegal sentence under Crim. P. 35(a). *See People v. Jayne*, (Colo. App. No. 21CA0705, Nov. 23, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 6 Jayne filed a pro se Crim. P. 35(c) petition for postconviction relief. As relevant to this appeal, Jayne asserted that (1) he was denied his constitutional right to counsel in connection with the withdrawal of his guilty plea; (2) appellate counsel was ineffective for failing to raise that issue on direct appeal; (3) trial counsel was ineffective for failing to object to allegedly improper statements the prosecutor made in closing argument; (4) trial counsel was ineffective for failing to object to hearsay testimony; and

2

(5) appellate counsel was ineffective for failing to argue that Jayne was entitled to the benefit of a change in the sentencing statutes.

¶ 7   The district court appointed counsel, who filed a supplemental Crim. P. 35(c) petition.  The supplemental petition adopted all the claims and arguments in Jayne's pro se petition and added one more that is relevant to this appeal: that appellate counsel was ineffective for failing to argue that the verdicts were inconsistent.

¶ 8   The district court issued an order denying most of Jayne's claims without a hearing.  It concluded:

(1)   Jayne did not show he was prejudiced by trial counsel's failure to object to the prosecutor's statements in closing argument because the statements were harmless.

(2)   Jayne did not show how he was prejudiced by the admission of the hearsay testimony he challenged.

(3)   Appellate counsel was not ineffective for failing to argue that Jayne was entitled to the benefit of the statutory amendments because those amendments did not apply retroactively to Jayne's offenses.

(4)   Jayne did not meet his burden on the ineffective assistance claim concerning the inconsistent verdicts

3

because he did not assert that this argument "clearly has more merit than the arguments raised on appeal."

¶ 9    The district court granted an evidentiary hearing on Jayne's claims, among others, that (1) he was denied counsel during the withdrawal of his plea agreement, and (2) appellate counsel was ineffective for failing to raise that issue on appeal. After the hearing, the district court rejected Jayne's claim for denial of counsel because Jayne was represented by counsel at the plea hearing and the plea withdrawal hearing, and any potential conflict "became moot" when the court allowed Jayne to withdraw the plea.

¶ 10   But the court granted Jayne's claim for ineffective assistance of appellate counsel on that issue, concluding that "appellate counsel did err by overlooking the issue and that the defendant was prejudiced." The court thus authorized Jayne to pursue a direct appeal on that issue, which he did. We address the direct appeal in a separate opinion. *See People v. Jayne*, (Colo. App. No. 23CA1355, Nov. 21, 2024) (not published pursuant to C.A.R. 35(e)) (*Jayne II*).

II.    Standard of Review and Applicable Law

¶ 11   We review de novo the denial of a Crim. P. 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

4

¶ 12    A district court may deny a Crim. P. 35(c) motion without a hearing "only where the motion, files, and record in the case clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief." *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003); *see also* Crim. P. 35(c)(3)(IV). This standard is satisfied if (1) the defendant's allegations are bare and conclusory; (2) the allegations, even if true, do not warrant postconviction relief; or (3) the record refutes the defendant's claims directly. *People v. Duran*, 2015 COA 141, ¶ 9.

¶ 13    To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first prong, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the second prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶ 14    To prevail on a claim of ineffective assistance of appellate

counsel based on counsel's failure to raise an issue on appeal, the

defendant must show that (1) the omitted issue was clearly stronger

than those presented, and (2) there is a reasonable probability that,

but for counsel's errors, the defendant would have prevailed on the

appeal.  *People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005).

¶ 15    An ineffective assistance of counsel claim can be denied

without a hearing if the record establishes that "the defendant's

allegations, even if proven true, would fail to establish one or the

other prong of the *Strickland* test."  *Ardolino*, 69 P.3d at 77.

### III.    Failure to Object to Closing Argument

¶ 16    Jayne first asserts that there should have been a hearing on

his claim that trial counsel was ineffective for failing to object to the

prosecutor's statement during closing argument that the jury was

"not going to get the truth from Tim Jayne."  He contends that his

counsel's failure to object to this statement prejudiced him because

it resulted in the application of plain error review on appeal.  We

agree with the district court that a hearing was not required.

## A. Additional Background

¶ 17 At the beginning of rebuttal closing argument, the prosecutor said, "You're not going to get the truth from Tim Jayne." Later in the argument, the prosecution told the jury to rewatch the video of Jayne's post-arrest interview and "just listen to his inconsistencies, listen to his dishonesty." Jayne's counsel did not object.

¶ 18 On direct appeal, Jayne argued that these and other statements in closing argument constituted prosecutorial misconduct. *Jayne I,* ¶¶ 7-8. The division rejected several of Jayne's arguments, but it concluded that the prosecutor's statement that "the jury 'would not get the truth from Tim Jayne' improperly expressed a personal opinion that [Jayne] was dishonest." *Id.* at ¶ 14. The division nevertheless concluded that this comment did not amount to plain error because (1) the evidence was overwhelming as to some of the convictions; (2) the prosecutor did not tie the improper comment to the primary disputed element; and (3) the comment was "an isolated one within an otherwise proper closing argument." *Id.* at ¶¶ 15-17.

## B.    Analysis

¶ 19    Jayne does not argue that his counsel's objection to the prosecutor's improper comment would have changed the outcome of *trial*. Instead, his sole argument is that such an objection might have changed the outcome of the *appeal* because the error would have been reviewed for harmless error instead of plain error.

¶ 20    A division of this court has rejected a similar argument, finding no case law to support the contention that a "reduced standard of scrutiny" on appeal constitutes *Strickland* prejudice. *People v. Romero*, 2015 COA 7, ¶ 53. Indeed, if trial counsel *had* objected, the district court could have just sustained the objection, thus obviating the need for any appeal on that issue at all.

¶ 21    But even if we were to recognize such a claim, Jayne's allegations do not warrant a hearing. First, Jayne does not address the first prong of the *Strickland* analysis — that is, why his counsel's failure to object to the prosecutor's comments "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Indeed, when a prosecutor makes a comment during closing argument that could be construed as improper, "the decision to object . . . is often a strategic decision" entitled to deference. *People*

*v. Washington*, 2014 COA 41, ¶ 43; *see also Dunlap*, 173 P.3d at 1080-81 (holding that it is a "reasonable strategic position" to "not object at every potential opportunity" because doing so may "decrease[] an attorney's credibility with the jury and call[] undue attention to the objectionable material"); *People v. Dillard*, 680 P.2d 243, 246 (Colo. App. 1984) (concluding that decision not to object to prosecutor's closing argument was a "valid tactical decision").

¶ 22    Second, other than the conclusory assertion that the result of the appeal would have been different under the harmless error standard, Jayne does not explain *why* that is true.  And the prior division's opinion strongly indicates that it would not have been. The division held that (1) the evidence was overwhelming; (2) the improper statement did not go to Jayne's theory of defense; and (3) the comment was isolated.  *Jayne I,* ¶¶ 15-17.  These same considerations would have supported affirming Jayne's convictions under the harmless error standard as well.  *See People v. Ortega*, 2015 COA 38, ¶ 55 (holding that improper comment during closing argument was harmless where it was "an isolated incident in an otherwise proper closing argument") (citation omitted); *People v. Whitman*, 205 P.3d 371, 384-85 (Colo. App. 2007) ("Improper

argument that does not substantially influence the verdict or adversely affect the fairness of the proceedings is harmless.").

¶ 23    Thus, Jayne's allegations do not establish any reasonable probability that the result of his appeal (or trial) would have been different if his counsel had objected to the one comment by the prosecutor that the prior division concluded was improper.

## IV.    Failure to Object to Hearsay

¶ 24    Jayne next asserts that his trial counsel was ineffective for failing to object to a hearsay statement by a testifying detective — elicited by defense counsel — that "a trained forensic phone download person" told him a phone had been "wiped."  We again conclude that Jayne's allegations did not warrant a hearing.

### A.    Additional Background

¶ 25    The lead detective testified on direct examination that the victim's granddaughter, D.G., was Jayne's former girlfriend and a "logical connection" between Jayne and the victim.  The detective testified that he searched D.G.'s phone but found "no information that would be of use" because the phone had been "wiped."

¶ 26    On cross-examination, defense counsel followed up with the detective about this testimony:

[Counsel:] I have a question for you about something you said about [D.G.]'s phone, all right? You indicated that you thought the phone had been, quote, unquote, "wiped"?

[Detective:] Yes.

[Counsel:] And the basis for you believing that is the number of contacts she had on the phone?

[Detective:] Among other things. Her phone had very little data that you would normally find in a phone.

[Counsel:] Okay. So it was based on the amount of data on the phone and the number of contacts. Anything in addition to that?

[Detective:] No, that's primarily it. There's a lot of data on phones. I had a trained forensic phone download person attempt the download, and they told me that was their opinion.

[Counsel:] It's an assumption the phone was wiped though?

[Detective:] That's correct.

## B.    Analysis

¶ 27    Again, Jayne's allegations do not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688. Both cross-examination and when and whether to lodge an objection — particularly whether to lodge an objection to testimony

11

elicited by counsel's own cross-examination — are quintessential matters of trial strategy. *See Arko v. People*, 183 P.3d 555, 558 (Colo. 2008); *People v. Sparks*, 914 P.2d 544, 548 (Colo. App. 1996).

¶ 28    The record plainly establishes a reasonable strategic decision by defense counsel to ask the detective why he believed the phone had been wiped. The detective testified on direct that it "appear[ed]" the phone had been wiped. The thrust of defense counsel's cross-examination was establishing that this was an "assumption" based solely on the amount of data on the phone. Given defense counsel's success in eliciting this primary point, it was reasonable for counsel not to object when the detective elaborated that "a trained forensic phone download person" told him they had the same opinion.

¶ 29    Regardless, Jayne cannot show he was prejudiced by the lack of an objection. The wiping of the phone was, at best, an ancillary issue. The prosecution did not suggest that *Jayne* had wiped the phone. Nor did it refer in closing to the wiping of the phone — much less the opinion of the "trained forensic phone download person." *Cf. People v. Cevallos-Acosta*, 140 P.3d 116, 130 (Colo. App. 2005) (concluding that erroneous admission of evidence was harmless where prosecutor did not refer to it in closing argument).

12

And contrary to Jayne's assertion, the detective's testimony about Jayne's relationship with D.G. was not dependent on the testimony about the phone. There is no reasonable probability that the result of trial would have been different if the jury had not heard that a "forensic phone download person" believed D.G.'s phone had been wiped, as the detective had already testified it had been.

## V. Amendment to Crime of Violence Statute

¶ 30 Jayne next contends that his appellate counsel was ineffective for failing to argue on appeal that an amendment to the crime of violence statute permitted the district court to impose concurrent sentences for his aggravated robbery and first degree burglary convictions. This claim fails because the statutory amendment on which Jayne relies does not apply retroactively to his offenses.

¶ 31 At the time of Jayne's offenses, section 18-1.3-406, C.R.S. 2014, provided that "[a] person convicted of two or more separate crimes of violence arising out of the same incident shall be sentenced for such crimes . . . consecutively rather than concurrently." Under this statute, Jayne's sentences for aggravated robbery and first degree burglary were required to be consecutive.

¶ 32    In 2016, the statute was amended to allow the court to order sentences to run concurrently "if the defendant is convicted of two or more separate crimes of violence arising out of the same incident and one of such crimes is . . . [a]ggravated robbery." § 18-1.3-406(1)(c)(I), C.R.S. 2016.  Jayne argues that, under this amendment, the district court could have ordered his aggravated robbery and first degree burglary sentences to run concurrently.

¶ 33    But as the district court explained, the amendatory legislation expressly provides that the amendment applies only to offenses committed on or after July 1, 2016.  Ch. 85, sec. 2, § 18-1.3-406, 2016 Colo. Sess. Laws 242.  Jayne committed his offenses in 2014.  Thus, by its terms, the amendment did not apply to Jayne.  *See People v. Stellabotte*, 2018 CO 66, ¶ 29 ("[W]e apply expressly prospective statutes only prospectively."); *People v. Hamm*, 2019 COA 90, ¶ 27 ("Statutes that, by their terms, are effective 'on or after' a specified date do not apply retroactively.").  Appellate counsel was not ineffective for failing to argue for the retroactive application of a prospective statute.  *See Hamm*, ¶ 27 ("We cannot apply [statutory sentencing changes] retroactively because the General Assembly tells us they do not apply retroactively.").

14

¶ 34    Jayne nevertheless argues that the court could have applied the amendment retroactively "in the interests of justice" before his conviction became final. *See* § 18-1-410(1)(f), C.R.S. 2024; Crim. P. 35(c)(1). He is wrong. Section 18-1-410(1)(f) allows for the retroactive application of legislation to nonfinal convictions "unless the amendment contains language indicating it applies only prospectively." *Stellabotte*, ¶ 3. The amendment here contains such language. Thus, Jayne was not entitled to the benefit of the amendment, regardless of when he raised the issue. *See id.* at ¶ 37.

## VI.    Inconsistent Verdicts

¶ 35    Jayne also argues that his appellate counsel was ineffective by not arguing that his aggravated robbery conviction was inconsistent with his acquittal for robbery. His trial counsel raised this issue in a motion for judgment of acquittal, which the district court denied.

¶ 36    In his postconviction motion, Jayne did little more than refer to his motion for judgment of acquittal and assert, without elaboration, that "had [counsel] raised the issue on appeal, he would have been more likely to succeed on it than other issues he did raise." The district court rejected the claim because Jayne did not explain *why* the argument had more merit than the others.

15

¶ 37    We agree with the district court that Jayne's conclusory allegation in his postconviction motion did not meet his burden of showing that this issue was clearly stronger than the issues his appellate counsel did raise. *See People v. Trujillo*, 169 P.3d 235, 238-39 (Colo. App. 2007) ("The bare allegation of failure to assert the additional claims does not overcome the presumption that appellate counsel's choice was the result of a strategic election."); *Duran*, ¶ 9 (holding that claim may be denied without a hearing when "defendant's allegations are bare and conclusory"). Nor does Jayne do much more on appeal, again simply incorporating his post-trial briefing and asserting that, if an evidentiary hearing had been held, an appellate expert could have testified as to the strength of the claim. This does not meet Jayne's burden of asserting facts *in his motion* that, if true, would provide a basis for relief. *People v. Simpson*, 69 P.3d 79, 81 (Colo. 2003).

¶ 38    In any event, this issue was not clearly stronger than those presented, nor is there a reasonable probability that Jayne would have prevailed on it. *See Long*, 126 P.3d at 286. Inconsistent guilty and not guilty verdicts are generally permissible. *People v. Frye*, 898 P.2d 559, 560, 570-71 (Colo. 1995); *People v. Rigsby*, 2020 CO

16

74, ¶ 15 ("[A] defendant who is convicted on one count may not attack that conviction on the ground that it is inconsistent with the verdict of acquittal on another count."). Such inconsistency "may be the result of lenity toward the defendant by the jury, and thus do[es] not warrant reversal." *People v. Brooks*, 2020 COA 25, ¶ 12; *see also United States v. Powell*, 469 U.S. 57, 65-66 (1984).

¶ 39 Although Colorado courts have recognized three scenarios in which an inconsistent verdict may result in an infirm conviction, none apply in this case. *Brooks*, ¶¶ 13-15, 25. In particular, Jayne relies exclusively on authority addressing two mutually exclusive *guilty* verdicts. *See Rigsby*, ¶ 16; *People v. Delgado*, 2019 CO 82, ¶ 20; *Frye*, 898 P.2d at 569 n.13. But that authority makes clear that the prohibition on *that* kind of inconsistency does not extend to inconsistent guilty and not guilty verdicts. *Delgado*, ¶¶ 14, 17.

¶ 40 Thus, Jayne's appellate counsel was not ineffective for failing to raise this issue because it was foreclosed by Colorado law.[1]

---

[1] Although much of this authority came after Jayne's direct appeal, the rule allowing inconsistent guilty and not guilty verdicts had been established years earlier. *See People v. Frye*, 898 P.2d 559, 571 (Colo. 1995); *United States v. Powell*, 469 U.S. 57, 65-66 (1984).

## VII.   Denial of Right to Counsel

¶ 41    Jayne's final argument is that the district court erred by denying, after a hearing, his postconviction claim that he was denied his right to counsel in connection with the withdrawal of his guilty plea.  More specifically, he asserts that his counsel was conflicted because Jayne had accused him of coercing Jayne to plead guilty and the district court erred by not appointing Jayne new counsel before allowing him to withdraw the plea.

¶ 42    As Jayne notes, this issue is the subject of his pending direct appeal, which we address in a separate opinion.  *See Jayne II*, No. 23CA1355.  As a postconviction claim, however, it was correctly denied because it could have been presented in Jayne's first direct appeal.  *See* Crim. P. 35(c)(3)(VII).  Jayne concedes as much, asserting that because the district court reinstated his right to appeal, the issue should be considered in that appeal.  We agree.

¶ 43    We note that the district court denied the claim on the merits rather than as successive.  But "we will affirm a district court's denial of a Rule 35 motion on any ground supported by the record, even if the district court did not consider or contemplate that ground."  *Hamm*, ¶ 23.  Because this claim could have been raised

18

in Jayne's prior appeal — and now *has* been raised and resolved on direct appeal — the district court correctly denied it as a postconviction claim. *See* Crim. P. 35(c)(3)(VI), (VII). We therefore do not address the merits of that issue in this appeal.

## VIII. Disposition

¶ 44　　The orders denying Jayne's Crim. P. 35(c) petition are affirmed.

JUDGE FOX and JUDGE BERNARD concur.