23CA1355 Peo v Jayne 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1355
Douglas County District Court No. 14CR599
Honorable Stephen A. Groome, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Timothy Allen Jayne,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE SCHOCK
Fox and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Erin Wigglesworth, Alternate Defense Counsel, Denver, Colorado, for
Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Timothy Allen Jayne, appeals his judgment of conviction, arguing that he was denied the right to counsel in connection with the withdrawal of his guilty plea.  We affirm.

## I.    Background

¶ 2    Jayne was charged with several offenses for his involvement in a home burglary and assault of the homeowner.  The charges included first and second degree assault; first and second degree burglary; aggravated robbery; robbery; conspiracies to commit aggravated robbery, first degree burglary, and second degree burglary; theft; and two crime of violence sentence enhancers.

¶ 3    About a week before the original trial date, Jayne entered into a plea agreement.  Under that agreement, he pleaded guilty to first degree burglary and the two crime of violence sentence enhancers, with a stipulated sentencing range of fifteen to twenty-eight years in the custody of the Department of Corrections.  The prosecution agreed not to argue for the maximum of the range and indicated that it would argue for a sentence of twenty years or less.  But that limitation did not bind the victims or the court.  At the plea hearing, Jayne confirmed that he was entering his plea freely and voluntarily and that no one had pressured or coerced him to do so.

¶ 4    A week later, Jayne sent the court an inmate "kite," in which he moved to withdraw his guilty plea because he "took the plea under duress." Jayne asserted that he "was pressured and coerced by fear into taking this deal by [defense counsel], saying that [he] would be convicted of multiple consecutive sentences of pending charges if taken to trial." Jayne further said that he believed he had "a valid and legitimate defense upon taking [the] case to trial."

¶ 5    The district court construed the kite as a motion to withdraw the plea and set it for a hearing. At the hearing, defense counsel explained that he had spoken to Jayne and confirmed that Jayne wanted the court to grant the motion. But defense counsel said he was "not really in a position to argue [the motion] since . . . the argument would be going against me saying that I pressured him to take a plea agreement." He continued that if the court believed the motion had potential merit, he could not "continue to represent Mr. Jayne and argue to have the plea agreement withdrawn."

¶ 6    The prosecutor agreed with defense counsel that "someone else would have to take a look at this." He explained that because Jayne was accusing his counsel of coercing him into taking a plea,

they "need[ed] to get his counsel situation figured out" so "the same kind of issue" did not come up again at another stage of the case.

¶ 7    The district court found there was no conflict. But it nevertheless granted the motion to withdraw the plea, saying:

> Well, I don't force people to accept pleas when they feel that they have not done anything wrong, be convicted at trial, so I'm going to grant the motion to withdraw plea finding that there's a fair and just reason to do so, that being that Mr. Jayne is insisting on his innocence, which he has a right to do.

¶ 8    The court then asked Jayne whether he was requesting a new attorney, and Jayne confirmed that he was. The prosecutor pointed out the possible pitfalls of not appointing new counsel, namely that Jayne might later claim to have been placed under duress again — for example, regarding whether to testify — thus risking a retrial.

¶ 9    The court reiterated that it did not see "any tangible conflict of interest" and that its reason for granting the motion to withdraw had "nothing to do with [the] alleged merits of Mr. Jayne's claims against [his counsel]." But to avoid the risk of further issues, the court granted Jayne's request and appointed new counsel.

¶ 10    Jayne went to trial and was convicted of aggravated robbery, first degree burglary, second degree burglary, theft, all three

conspiracy counts, and both crime of violence sentence enhancers. He was acquitted on the other counts. The court merged certain convictions and sentenced Jayne to an aggregate sentence of twenty-five years in the custody of the Department of Corrections.

¶ 11    Jayne appealed, arguing that the prosecutor committed misconduct during closing argument and that the district court erred by imposing consecutive sentences on two of his convictions. A division of this court affirmed the judgment. *See People v. Jayne*, (Colo. App. No. 16CA0744, Nov. 19, 2017) (not published pursuant to C.A.R. 35(e)). Another division affirmed the district court's subsequent denial of Jayne's motion to correct an illegal sentence under Crim. P. 35(a). *See People v. Jayne*, (Colo. App. No. 21CA0705, Nov. 23, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 12    Jayne filed a Crim. P. 35(c) petition for postconviction relief. As relevant to this appeal, Jayne alleged that his appellate counsel was ineffective by failing to argue that Jayne had been denied his right to counsel at the plea withdrawal hearing. After an

evidentiary hearing, the district court ruled in Jayne's favor on that claim, reinstating Jayne's right to a direct appeal on that issue.[1]

## II.    Reinstatement of Direct Appeal

¶ 13    The People first assert that the district court erred by granting Jayne's claim for ineffective assistance of appellate counsel and reinstating his right to appeal.  They contend that this ruling was inconsistent with the denial of Jayne's underlying claim that he was denied his right to counsel.  More specifically, Jayne asserted in his petition both that (1) he was denied counsel at the plea withdrawal hearing and (2) appellate counsel was ineffective for failing to raise that issue on appeal.  The district court rejected the first of these claims, concluding that Jayne was not denied the right to counsel. But it granted the second, concluding that appellate counsel "did err by overlooking the issue and that [Jayne] was prejudiced."

¶ 14    We may not consider the People's challenge to the district court's ruling allowing Jayne to pursue a direct appeal because the People did not file a cross-appeal — in this case or Jayne's appeal of

---

[1] The district court denied all of Jayne's other claims.  Jayne appealed some of those rulings in *People v. Jayne,* (Colo. App. No. 23CA1355, Nov. 21, 2024) (not published pursuant to C.A.R. 35(e)).

the postconviction order. As a general rule, "an appellee must file a cross-appeal in order for an appellate court to consider an alleged error of the trial court which prejudiced the appellee." *Blocker Expl. Co. v. Frontier Expl., Inc.*, 740 P.2d 983, 989 (Colo. 1987). Although an appellee may raise alternative arguments *in support of* the district court's judgment, the appellee may not, without a cross-appeal, "raise a contention that, if successful, would increase its rights under the judgment or order being reviewed." *Koinis v. Colo. Dep't of Pub. Safety*, 97 P.3d 193, 197 (Colo. App. 2003).

¶ 15 That is what the People seek to do here. The district court ruled in favor of Jayne on his claim for ineffective assistance of appellate counsel and entered an order authorizing him to pursue a direct appeal on that issue. Without appealing or cross-appealing that ruling, the People ask us to reverse it and refuse to consider the appeal. That issue is not properly before us for review. *See id.*

¶ 16 We also note that the district court's rulings were not necessarily inconsistent. To prevail on the underlying substantive claim, Jayne had to prove he was in fact denied his constitutional right to counsel. To prevail on his ineffective assistance claim, Jayne had to show only that (1) this issue was "clearly stronger"

than the issues his appellate counsel raised on direct appeal, and (2) there was a "reasonable probability" that he would have prevailed on that issue on appeal. *People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005). The district court's conclusion that there was no constitutional violation does not foreclose the finding that an appellate court might reasonably have concluded otherwise.

¶ 17 The People also suggest — but do not directly assert — that this appeal is procedurally improper because Jayne did not seek leave from this court to file a notice of appeal after the district court authorized him to pursue the appeal. *See id.* at 287. We disagree. The remedy for ineffective assistance of appellate counsel is reinstatement of the defendant's right to an appeal. *People v. Lancaster*, 2018 COA 168, ¶ 27. Thus, once the district court granted Jayne that remedy, he had forty-nine days to file his notice of appeal. *Id.*; *see also* C.A.R. 4(b)(1). Because Jayne timely filed his notice of appeal within that deadline, he did not need to move to file a "late-filed notice of appeal." *Long*, 126 P.3d at 287.

¶ 18 We therefore proceed to address the merits of Jayne's appeal.

### III. Denial of Right to Counsel

¶ 19    Jayne contends that he was denied his constitutional right to counsel in connection with the withdrawal of his guilty plea because his counsel was conflicted. He asks us to reverse the judgment and return the case to the point in the proceedings before the court allowed him to withdraw the plea. We decline to do so.

### A. Preservation

¶ 20    The People argue that Jayne failed to preserve this issue because he did not assert in the district court that he had been denied his right to counsel. But defense counsel began the plea withdrawal hearing by saying that he was "not really in a position to argue" the motion and that, if the court thought the motion had any potential merit, he could not continue to represent Jayne. The prosecution agreed, telling the court that defense counsel was "correct that someone else would have to look at this."

¶ 21    This discussion was sufficient to alert the district court to the issue of whether defense counsel could represent Jayne at the plea withdrawal hearing or whether new counsel would need to be appointed. *See People v. Pahl*, 169 P.3d 169, 183 (Colo. App. 2006) (holding that an issue is preserved when a party "alert[s] the trial

court to a particular issue in order to give the court an opportunity to correct any error"). Thus, we conclude the issue was preserved.

## B. Applicable Law and Standard of Review

¶ 22 A defendant has the right to counsel at every critical stage of a criminal proceeding. *Carmichael v. People*, 206 P.3d 800, 805 (Colo. 2009); *see also United States v. Cronic*, 466 U.S. 648, 659 (1984); U.S. Const. amend. VI; Colo. Const. art. II, § 16. A stage is critical if there is "more than a 'minimal risk' that the absence of the defendant's counsel might impair the defendant's right to a fair trial." *Carmichael*, 206 P.3d at 805 (citation omitted). The right to counsel means the right to effective assistance of counsel. *Id.*

¶ 23 We review de novo whether a defendant was denied counsel at a critical stage of the proceedings. *People v. Guzman-Rincon*, 2015 COA 166M, ¶ 15. A total deprivation of counsel is structural error requiring automatic reversal. *Key v. People*, 865 P.2d 822, 826 (Colo. 1994). But the deprivation of counsel "during a discrete stage of the proceedings" is subject to harmless error review. *Id.*

¶ 24 Jayne argues that the claimed denial of counsel in this case was structural error. We disagree. Jayne's claim is limited to the purported deprivation of counsel "during a discrete stage of the

9

proceedings" — namely, the withdrawal of his plea. *Id.* It is undisputed that Jayne was represented by counsel at every other stage of the case, including at trial. Thus, he was not totally deprived of his right to counsel. *See id.* (holding that there was no total deprivation of counsel where counsel was absent during a critical scheduling conference but present for the remainder of the proceedings); *People v. Moore*, 251 P.3d 451, 454 (Colo. App. 2010). (holding that there was no "total deprivation" where defendant was without counsel at his arraignment and several hearings but was represented by counsel at motions hearings and throughout trial).

¶ 25    We therefore must review any error "under the constitutional standard of harmless beyond a reasonable doubt, which requires reversal where there is a reasonable possibility that the defendant could have been prejudiced" by the error. *Moore*, 251 P.3d at 454.

## C.    Analysis

¶ 26    The People assume the plea withdrawal hearing was a critical stage of the proceeding, and without deciding the issue, we will assume the same. *See Carmichael*, 206 P.3d at 805 (holding that the "entire plea bargaining process," including the acceptance or rejection of a plea offer and the "decision whether to plead guilty or

10

proceed to trial," is a critical stage). But even further assuming that Jayne was denied his right to counsel at that hearing, a point we do not decide, any error was harmless beyond a reasonable doubt.

¶ 27    It is true that the right to effective assistance of counsel includes the right to conflict-free counsel, *People v. Martinez*, 869 P.2d 519, 524 (Colo. 1994), and counsel cannot be "expected to litigate his own ineffectiveness," *People v. Kelling*, 151 P.3d 650, 657 (Colo. App. 2006). *See also Murphy v. People*, 863 P.2d 301, 304 (Colo. 1993) (holding that appointed counsel cannot be "forced to litigate against himself"); *Riley v. Dist. Ct.*, 507 P.2d 464, 465-66 (Colo. 1973) (ordering district court to permit defense counsel to withdraw where defendant asserted that his guilty plea was induced by inadequate representation). Indeed, Jayne's counsel told the court that if it thought that Jayne's allegations had even "the possibility of some merit," he could not continue to represent Jayne.

¶ 28    On the other hand, the purported coercion was simply that defense counsel had told Jayne he "would be convicted of multiple consecutive sentences of pending charges if taken to trial" (which turned out to be correct). It is defense counsel's constitutional obligation to advise a client "regarding the attractiveness of the plea

11

bargain in relation to the risks of going to trial." *Carmichael*, 206 P.3d at 806; *see also People v. Delgado*, 2019 COA 55, ¶ 17 ("Failure to correctly advise a defendant about his sentencing exposure deprives the defendant of the opportunity to make a reasonably informed decision whether to accept or reject an offer and constitutes deficient performance under *Strickland*.").

¶ 29 Moreover, the district court found there was no conflict and did not accept Jayne's allegations that his plea had been coerced. Thus, the condition for defense counsel's stance that he could not continue to represent Jayne — that the court find Jayne's allegations may have merit — did not come to pass. *See People v. Lopez*, 12 P.3d 869, 871-72 (Colo. App. 2000) (holding that district court was not required to appoint conflict-free counsel in connection with motion to withdraw plea absent a "colorable claim of ineffective assistance"); *cf. People v. Johnson*, 2016 COA 15, ¶ 30 ("[T]he court is not required to substitute counsel unless it verifies that the defendant has a well-founded reason for believing that the appointed attorney cannot or will not competently represent him.").

¶ 30 And notwithstanding defense counsel's reservations about addressing the substance of Jayne's allegations, he asserted

(successfully) Jayne's position that the motion should be granted. He also confirmed that he had spoken to Jayne about the motion. Nothing in the record suggests that defense counsel failed to advise Jayne about the consequences of his decision.[2] *See People v. Davis*, 2012 COA 1, ¶ 95, *rev'd on other grounds*, 2015 CO 36M.

¶ 31    Ultimately, we need not decide whether Jayne was denied his right to counsel because any error would be harmless beyond a reasonable doubt. *See Moore*, 251 P.3d at 454. Jayne made clear — in his motion and through counsel at the hearing — that he wanted to withdraw his plea. The court granted that request. Thus, regardless of whether Jayne had counsel or not, he got what he asked for. *See id.* (concluding that denial of counsel was harmless where defendant was not denied any requested relief).

¶ 32    Jayne suggests that conflict-free counsel might have been able to talk him out of withdrawing his guilty plea. But even if Jayne could be prejudiced by not having the chance to reconsider his own request, the record does not support any reasonable probability

---

[2] The parties each cite testimony from the 2023 hearing on Jayne's Crim. P. 35(c) motion. But because this is a direct appeal of Jayne's 2016 judgment of conviction, we do not consider portions of the postconviction record that were not before the trial court.

that he would have changed his mind. Jayne's kite made clear that his counsel had already advised him of the benefits of the plea and the consequences of going to trial — so much so that Jayne deemed it coercive. And counsel spoke to Jayne about his motion before the plea withdrawal hearing — presumably expressing the same view. Yet Jayne persisted in seeking to withdraw the plea. There is no reason to think that he would have done otherwise if represented by new counsel. *See Davis*, ¶¶ 95, 99 (holding that defense counsel must abide by defendant's decision to withdraw guilty plea).

¶ 33    We also reject Jayne's contention that he was prejudiced because counsel could have clarified that Jayne was not "insisting on his innocence," as the court stated. The point the court was making was that Jayne did not believe he was guilty of the charged offense. That was consistent with Jayne's kite, which asserted that he had a "valid and legitimate defense." The court's grant of the motion to withdraw the plea did not turn on whether Jayne was asserting his factual innocence or raising some other legal defense. In any event, Jayne was not prejudiced by the district court granting his motion on a different ground than he requested.

¶ 34    Thus, we conclude that even if Jayne was denied his right to counsel, any error was harmless beyond a reasonable doubt.

## IV.    Disposition

¶ 35    The judgment is affirmed.

JUDGE FOX and JUDGE BERNARD concur.