24CA0599 Peo v Austin 10-09-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0599
Arapahoe County District Court No. 02CR2581
Honorable Joseph Whitfield, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dimitric Austin,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE WELLING
Gomez and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 9, 2025

---

Philip J. Weiser, Attorney General, Paul Koehler, Senior Counsel, Denver, Colorado, for Plaintiff-Appellee

Dimitric Austin, Pro Se

¶ 1    Defendant, Dimitric Austin, appeals the postconviction court's order denying his Crim. P. 35(c) motion for postconviction relief without a hearing.  We affirm.

## I.    Background

¶ 2    In 2003, a jury convicted Austin of first degree assault.  The court adjudicated him a habitual criminal and sentenced him to sixty-four years in prison.  Austin appealed the judgment of conviction, and a division of this court affirmed.  *See People v. Austin,* (Colo. App. No. 04CA0713, Nov. 15, 2007) (not published pursuant to C.A.R. 35(f)).  The supreme court denied certiorari review, and a mandate issued in 2008.

¶ 3    A few months later, Austin filed his first motion for postconviction relief under Crim. P. 35(c), which the postconviction court denied without a hearing.  Austin filed two more motions for postconviction relief — one in 2015 and the other in 2020 — which the postconviction court construed as requests for relief under Crim. P. 35(c) and denied without hearings.

¶ 4    In December 2022, Austin filed the motion that is the subject of this appeal.  In the motion, Austin asserted that the prosecution had not established that he had caused "serious bodily injury"

1

because the emergency room physician who treated the victim did not testify that the victim's "actual injury" created a "substantial risk of death." In support, Austin cited *People v. Vigil*, 2021 CO 46, ¶ 4, in which our supreme court determined that "the facts of the actual injury control the substantial risk of death determination . . . *not* the risk generally associated with the type of conduct or injury in question."

¶ 5    The postconviction court denied Austin's motion. Specifically, the court considered the merits of Austin's argument and concluded that *Vigil* didn't support his position. The court also concluded that Austin's motion was successive because he could have raised this claim in his direct appeal. Finally, the court determined that Austin's motion was time barred.

## II.    Discussion

¶ 6    Austin contends that the postconviction court erred by denying his motion without conducting a hearing. We disagree.

¶ 7    We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing. *People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005). A postconviction court must deny any claim that could have been presented in a prior appeal or postconviction

proceeding. Crim. P. 35(c)(3)(VII). However, Crim. P. 35(c)(3)(VII) provides several exceptions to the general rule requiring a court to deny a successive claim. Crim. P. 35(c)(3)(VII)(a)-(e).

¶ 8     Because Austin could have raised his claim on direct appeal, his motion is successive under Crim. P. 35(c)(3)(VII). *See People v. Thompson*, 2020 COA 117, ¶ 44 (ineffective assistance claim raised in a second postconviction motion was successive because it could have been raised in the first motion). On appeal, Austin asserts that his motion wasn't successive because he didn't raise this issue before. To be sure, Austin didn't raise this issue in his direct appeal or in his previous postconviction motions, but his assertion "ignores the plain language of Crim. P. 35(c)(3)(VII)," which requires the court to deny any claim that *could have been presented* in a previous appeal or postconviction motion. *Id.* at ¶ 44. Austin didn't otherwise allege any of the exceptions to the successiveness bar in Crim. P. 35(c)(VII)(a)-(e). *See id.* at ¶ 45.

¶ 9     To the extent that Austin argues that his motion isn't successive because he couldn't have raised this issue on direct appeal or in a previous postconviction motion, we aren't persuaded. In his motion, Austin asserts that he couldn't have made this claim

until now because the supreme court only recently made "the law absolutely clear" in *Vigil*. But Austin acknowledges that *Vigil* is "not a new interpretation." Indeed, in *Vigil*, the supreme court merely reaffirmed its decision in *Stroup v. People*, 656 P.2d 680, 686 (Colo. 1982), which also determined that a "substantial risk of death" must be based on the victim's "actual injuries." In other words, Austin could have raised his claim on direct appeal under *Stroup*. Because he didn't do so, his most recent postconviction motion is successive.

¶ 10     In sum, the postconviction court properly denied Austin's motion as successive because he (1) could have raised his postconviction claim in a previous proceeding and (2) hasn't established one of the exceptions to the successiveness bar. *See People v. Taylor*, 2018 COA 175, ¶ 17 (holding that, because the language in Crim. P. 35(c)(3)(VII) is "mandatory rather than permissive," the court must deny any successive claims unless one of the five exceptions applies). Based on this conclusion, we need not address the postconviction court's other reasons for denying the motion.

## III.   Disposition

The order is affirmed.

JUDGE GOMEZ and JUDGE SULLIVAN concur.