24CA2065 Peo v Rocha 11-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2065
El Paso County District Court No. 09CR609
Honorable Erin Sokol, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jose Guadalupe Rocha,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jose Guadalupe Rocha, Pro Se

¶ 1     Defendant, Jose Guadalupe Rocha, appeals the district court's order denying his latest postconviction motion without a hearing. We affirm.

## I.     Background

¶ 2     A jury convicted Rocha of several sexual offenses after he twice sexually assaulted the victim, a thirteen-year-old girl. The court adjudicated Rocha a habitual criminal and sentenced him to an aggregate, indeterminate term of 152 years to life in prison.

¶ 3     A division of this court partially affirmed Rocha's judgment of conviction but remanded the case to the district court to vacate some of his convictions and reinstate another conviction that had been improperly merged. *See People v. Rocha*, (Colo. App. No. 11CA1841, Mar. 25, 2015) (not published pursuant to C.A.R. 35(e)). This court issued the mandate in Rocha's direct appeal on November 4, 2015. On December 17, 2015, the district court resentenced Rocha in accordance with the division's remand instructions. Rocha did not directly appeal his sentence. Later, on January 13, 2016, the district court amended the mittimus to reflect presentence confinement credit.

¶ 4     In December 2018, Rocha filed a pro se postconviction motion, which he signed on December 18 and submitted for mailing on December 20.  Both of those dates were more than three years after (1) the direct appeal mandate was issued on November 4, 2015, and (2) Rocha was resentenced on December 17, 2015.

¶ 5     The district court appointed postconviction counsel for Rocha. After several years of status hearings and extensions of time, Rocha's first postconviction counsel left the public defender's office and second postconviction counsel was appointed.  Second postconviction counsel filed a supplement, the prosecution responded, and the district court scheduled a hearing.  At a status conference before the hearing, counsel requested a continuance and the prosecution advised that it would file a supplemental motion arguing that Rocha's pro se postconviction motion was time barred. The district court granted the continuance and vacated the hearing date, and the parties briefed the timeliness issue.

¶ 6     The district court then denied Rocha's postconviction motion without a hearing, concluding that it was untimely because it was filed more than three years after the mandate was issued in Rocha's direct appeal.  Moreover, the court rejected postconviction counsel's

assertion that any delay was due to circumstances amounting to justifiable excuse or excusable neglect.

¶ 7 A division of this court affirmed the district court's order. *See People v. Rocha*, (Colo. App. No. 22CA0775, Sep. 28, 2023) (not published pursuant to C.A.R. 35(e)) (*Rocha II*). The division concluded that Rocha's conviction became final, at the latest, when the district court resentenced him on December 17, 2015. Accordingly, the three-year limitations period for filing a Crim. P. 35 motion expired on December 17, 2018. *Id.* at ¶ 10.

¶ 8 Rocha then filed the postconviction motion at issue in this appeal. He asserted ineffective assistance of both postconviction counsel and appellate counsel who represented him in *Rocha II*. The district court summarily denied the motion. The court concluded that Rocha's first postconviction motion had no "arguable merit" because it was untimely, therefore Rocha's "statutory right to postconviction counsel was never triggered," and "any finding that [he] received potentially ineffective assistance from postconviction counsel would not entitle him to relief."

¶ 9 Rocha contends that the district court erred by denying his postconviction motion without a hearing. We disagree.

3

## II. Standard of Review and Governing Law

¶ 10 We review de novo the district court's denial of a Crim. P. 35(c) motion for postconviction relief without an evidentiary hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 11 A postconviction court should consider, among other things, whether a Crim. P. 35(c) motion is timely under section 16-5-402, C.R.S. 2025, and may deny the motion without a hearing if "the motion and the files and record of the case show to the satisfaction of the court that the defendant is not entitled to relief." Crim. P. 35(c)(3)(IV). The right to postconviction counsel is triggered only if the motion survives the postconviction court's initial review under Crim. P. 35(c)(3)(IV). *See* Crim. P. 35(c)(3)(V).

¶ 12 A criminal defendant has a constitutional right to the effective assistance of counsel. *People v. Rainey*, 2023 CO 14, ¶ 1. To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defense, meaning there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v.*

*Washington,* 466 U.S. 668, 687-88 (1984). "Because a defendant must show both deficient performance and prejudice, a court may resolve the claim solely on the basis that the defendant has failed in either regard." *People v. Karpierz,* 165 P.3d 753, 759 (Colo. App. 2006).

¶ 13    The same two-prong *Strickland* test applies to claims of ineffective assistance of appellate counsel. *People v. Long,* 126 P.3d 284, 286 (Colo. App. 2005). But "[a]ppellate counsel is not required to raise on appeal every nonfrivolous issue a defendant desires to raise." *People v. Trujillo,* 169 P.3d 235, 238 (Colo. App. 2007). Under the *Strickland* test in the appellate context, a defendant must show that (1) the omitted appellate issue was clearly stronger than those appealed; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would have prevailed on appeal. *Long,* 126 P.3d at 286.

¶ 14    Although a court must broadly construe a pro se litigant's pleadings, it is not a court's role to rewrite those pleadings or act as the litigant's advocate. *Cali,* ¶ 34.

III.    Analysis

¶ 15    Rocha raises three issues on appeal.  He asserts that the district court erred in concluding that his right to postconviction counsel was never triggered.  He reasserts his claims of ineffective assistance of postconviction counsel and appellate counsel.  And he asserts that "his right to due process was violated as a result of prior postconviction counsels' deficiencies."  We address and reject each contention in turn.

## A.    Right to Postconviction Counsel

¶ 16    Rocha argues that, even if his first postconviction motion was untimely, he had justifiable excuse or excusable neglect because his initial filing complied with *Leyva v. People*, 184 P.3d 48 (Colo. 2008).  Rocha contends that under his interpretation of *Leyva*, the district court's January 2016 correction of the mittimus renewed the three-year period to file his first Crim. P. 35(c) motion.  Thus, in his view, he was entitled to postconviction counsel in his first postconviction proceedings.  For two reasons, Rocha's argument is unavailing.

¶ 17    First, consistent with *Rocha II*, the district court correctly applied *Hunsaker v. People*, 2021 CO 83, to conclude that Rocha's

6

initial postconviction motion was untimely. Although Rocha contends that, under *Teague v. Lane*, 489 U.S. 288 (1989), the district court should not have applied *Hunsaker* retroactively, *Teague* applies only to "new *constitutional* rules of criminal procedure." *See People v. Cooper*, 2023 COA 113, ¶ 9 (citation omitted). "If the new rule is not founded on constitutional concerns, it does not implicate *Teague*." *Id.* (citation omitted). *Hunsaker* did not announce a new constitutional rule of criminal procedure; rather, it clarified that under a proper understanding of *Leyva*, the correction of an illegal sentence renews the Crim. P. 35(c) limitations period only for arguments related to the illegality in the sentence. *See Hunsaker*, ¶¶ 26-29, 35.

¶ 18    Second, Rocha's original postconviction motion would have been untimely even under his interpretation of *Leyva*. Rocha argues that under *Leyva*, the district court's January 2016 correction of the mittimus reset the deadline for filing a postconviction motion. But the district court issued its corrected mittimus only to note the amount of presentence confinement credit. And presentence confinement credit "is not a component of the sentence." *People v. Baker*, 2019 CO 97M, ¶ 11. Correcting a

7

mittimus to reflect the proper presentence confinement credit does not alter a sentence or impact the finality of the original judgment of conviction, and therefore, Rocha's original Rule 35(c) motion had to be filed no more than three years after the district court resentenced him on December 17, 2015, even under his interpretation of *Leyva*. *See Baker*, ¶ 22.

¶ 19 Consequently, the district court should have denied Rocha's initial postconviction motion as untimely when it was filed, and thus, the court, in denying Rocha's second Crim. P. 35(c) motion, correctly concluded that his right to postconviction counsel was never triggered. *See* Crim. P. 35(c)(3)(IV).

### B. Ineffective Assistance of Counsel

#### 1. Postconviction Counsel

¶ 20 Rocha contends that the "cumulative deficiencies" of his two postconviction counsel prejudiced him. But because his first postconviction motion was untimely and his right to postconviction counsel was not triggered, we agree with the district court that "any finding that [Rocha] received potentially ineffective assistance from postconviction counsel would not entitle him to relief." Even so, we

conclude that Rocha did not receive ineffective assistance of postconviction counsel.

¶ 21    Rocha argues that his first postconviction counsel "wasted nearly two years," made no progress on the case, and misrepresented to the court that he was actively working on Rocha's case. But Rocha does not explain how counsel's delay and inaction prejudiced him. Any delay caused by first postconviction counsel's inaction occurred after Rocha untimely filed his pro se motion. And after Rocha's first postconviction counsel left the public defender's office, his second postconviction counsel completed the investigation of his postconviction claims and filed a Brief in Support of Application for Postconviction Review.

¶ 22    Rocha argues that his second postconviction counsel inadequately challenged the retroactive application of *Hunsaker*, failed to argue that his initial motion was timely under *Leyva*, or, in the alternative, did not argue justifiable excuse or excusable neglect.

¶ 23    In a motion to strike the prosecution's supplemental objection to Rocha's initial postconviction motion, second postconviction counsel argued that excusable neglect or justifiable excuse existed

9

because Rocha filed his motion pro se and due to newly discovered evidence. Thus, the record directly refutes Rocha's claim that second postconviction counsel failed to raise excusable neglect or justifiable excuse. *See People v. Duran*, 2025 COA 34, ¶ 15 (a postconviction court may deny a Crim. P. 35(c) motion without an evidentiary hearing if the record directly refutes the allegations).

¶ 24    And, as examined above, retroactive application of *Hunsaker* was appropriate and application of *Leyva* would not have saved Rocha's motion. Therefore, second postconviction counsel's failure to challenge the retroactive application of *Hunsaker* or argue the timeliness under *Leyva* does not constitute deficient performance.

### 2.    Postconviction Appellate Counsel

¶ 25    Rocha contends that appellate counsel was ineffective in failing to argue justifiable excuse or excusable neglect on appeal. But Rocha does not identify, either on appeal or in his second postconviction motion, facts that would, if true, establish justifiable excuse or excusable neglect for his late filing (other than his misplaced reliance on *Leyva*). *See People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002).

¶ 26    And, based on our analysis above, the argument Rocha faults appellate counsel for not raising lacked merit. *See Trujillo*, 169 P.3d at 238 (claims of ineffective assistance of appellate counsel may stem from overlooking a meritorious argument that was more likely to succeed than the argument presented). The first postconviction motion would have been time barred even under Rocha's interpretation of *Leyva*; it was thus reasonable for appellate counsel not to raise the issue on appeal.

¶ 27    We therefore conclude that appellate counsel's performance did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688-89.

### 3.    Due Process Violations

¶ 28    Rocha's due process argument appears to be a restatement of his earlier arguments that relied on *Leyva* and asserted that the district court should not have applied *Hunsaker* retroactively, which we analyzed and rejected above.

¶ 29    However, to the extent that Rocha's due process argument is a standalone claim, he did not raise such a claim in his pro se Crim. P. 35(c) motion. Thus, it is not properly before us. *See Cali*, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to

effectuate the[ir] substance, rather than the[ir] form, . . . we will not consider issues not raised before the district court in a motion for postconviction relief.")

## IV. Disposition

¶ 30    The order is affirmed.

JUDGE FREYRE and JUDGE YUN concur.